**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DOUGLAS LACY, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION,<br><br>        Defendant. | CASE NO.<br><br>**COMPLAINT—CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT – CLASS ACTION

Plaintiff Douglas Lacy, individually and on behalf of others similarly situated, alleges the following against Comcast Corporation ("Comcast" or "Defendant").

## NATURE OF ACTION

1. Since January, 2018, Comcast has repeatedly called Mr. Lacy's cellular phone about a Comcast account that does not belong to him. Comcast used an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice to make these calls.

2. Plaintiff began receiving Comcast's calls shortly after he got a new cellular phone number in January, 2018. Mr. Lacy has not been a Comcast customer since 2013 and did not consent to receive calls from Comcast five years after he terminated his Comcast subscription. Plaintiff informed Comcast that it has the wrong number and asked Comcast to stop calling him. Comcast, nevertheless, continues to make calls to Plaintiff's cellular phone without his consent.

3. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, because they present a federal question.

5. This Court has personal jurisdiction over Comcast because it directed the call that is the subject of this action to Plaintiff's cellular phone. Plaintiff's cellular phone uses a Washington area code and was, at all relevant times, located in Washington. Comcast continuously and systematically conducts business in Washington.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

7. Plaintiff Douglas Lacy resides in Spanaway, Washington.

COMPLAINT – CLASS ACTION - 1

8. Defendant Comcast is a Pennsylvania corporation with headquarters at One Comcast Center, Philadelphia, Pennsylvania 19103-2838.

## FACTUAL ALLEGATIONS

**A. Comcast Made Non-Emergency Calls to the Cellular Phones of Plaintiff and Other Consumers Without Their Prior Express Consent.**

9. Plaintiff's telephone number, (XXX) XXX-6397, is assigned to a cellular telephone service. Plaintiff first acquired this cellular phone number in January, 2018.

10. Since January 2018, Comcast has called Plaintiff's cellular phone at least 143 times and left at least 55 voicemails.

11. Plaintiff received at least 142 calls from the number 1-800-266-2278. Plaintiff received at least one call from 1-855-692-3151.

12. Comcast's calls pertain to a Comcast account that does not belong to Plaintiff.

13. Comcast's calls to Plaintiff's cellular phone are intended for some person other than Plaintiff.

14. Plaintiff has not been a Comcast customer or subscriber since 2013.

15. Plaintiff did not consent to receive calls from Comcast after he terminated his subscription in 2013. Plaintiff never consented to receive Comcast calls intended for other Comcast customers.

16. Plaintiff received at least 54 voicemails from the number 1-800-266-2278. All of these voicemails are identical. Each voicemail delivers the following message with an artificial or prerecorded voice: "Hi, this is Comcast calling with an important message. Please call us back at 1-800-266-2278 to learn more."

17. The voicemail plaintiff received from 1-855-692-3151 also delivers a message with an artificial or prerecorded voice. The message directs Plaintiff to return Comcast equipment. Plaintiff is not in possession of any Comcast equipment. He returned the only Comcast equipment that he has ever possessed when he terminated his subscription in 2013.

COMPLAINT – CLASS ACTION - 2

18. Plaintiff called back the 1-855-692-3151 number and learned that Comcast was looking for someone named Andrew Hansen. Plaintiff does not know anybody named Andrew Hansen and has never had any sort of relationship with anyone named Andrew Hansen. Plaintiff informed Comcast that it had the wrong number.

19. The content of Comcast's messages demonstrates that Comcast's calls were not made for an emergency purpose.

20. Plaintiff answered at least two calls placed by Comcast, informed Comcast that he was not the intended recipient of the calls, and requested that Comcast stop calling him.

21. Plaintiff continued to receive calls from Comcast after asking Comcast to stop calling him.

22. Comcast has been sued multiple times for calling behavior similar to the behavior described in this complaint.

23. Comcast is aware of the TCPA's prohibitions against the use of automatic dialing systems and artificial or prerecorded voices to make calls to cellular phones without the prior express consent of the called party. Comcast therefore knowingly or willfully caused autodialed calls to be made to the cellular phones of Plaintiff and other consumers without their prior express consent.

24. In addition, each call Comcast made to Plaintiff's cellular phone after he informed Comcast that it was calling the wrong number was made knowingly or willfully.

**B. Comcast Used an ATDS and an Artificial or Pre-recorded Voice.**

25. Each time that it called his cellular phone, Comcast called Plaintiff using an ATDS. Plaintiff noted a pause before the start of each message he received when he did not answer, and before being connected to the call when he did answer, which is characteristic of a call placed by an ATDS.

26. Comcast also called Plaintiff using a prerecorded or artificial voice, as evidenced by the tone and cadence of the voice on the calls and voicemails.

COMPLAINT – CLASS ACTION - 3

27. Comcast is a publicly traded company with a market cap exceeding $153 billion. With approximately 60 million customers, the scale of Comcast's business requires the use of a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents.

28. The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers for the calls that are the subject of this case. The equipment generated, and then stored, a sequence of telephone numbers for calling, and then automatically called those numbers. The calls were part of a campaign that made numerous phone numbers in a short period of time without human intervention.

**C. Comcast's Violations of the TCPA Harmed Plaintiff**

29. During the relevant period, Plaintiff has carried his cellular phone with him at most times so that he can be available to family, friends, and his employer.

30. Comcast's repeated calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by constantly interrupting his daily life and wasted his time.

31. Comcast's calls and voicemails intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The calls temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to address the calls and voicemails. The clutter of Comcast's calls and voicemails also impaired the usefulness of the call log feature of Plaintiff's cellular phone.

**CLASS ACTION ALLEGATIONS**

32. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)(3) as a representative of the following class:

> Each person within the United States who (1) received a non-emergency call to his or her cellular telephone; (2) from Comcast; (3) through the use of an ATDS and/or an artificial or prerecorded voice; and (4) who was not a Comcast customer or subscriber at the time of the call(s).

Plaintiff reserves the right to amend the class definition following an appropriate period of discovery.

33. Excluded from the Class are Comcast, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and Plaintiff's counsel. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class; it does not seek recovery for personal injury, wrongful death, or emotional distress.

34. Because auto-dialing equipment maintains records of each contact, members of the above-defined Class can be identified through Comcast's records.

**Numerosity**

35. At the time of filing, Plaintiff does not know the exact number of Class Members. But the volume of cellular telephone numbers reassigned on a daily basis[1] and the number of Comcast customers indicate that Class Members likely number in the hundreds of thousands, if not millions, and are geographically disbursed throughout the country.

36. The alleged size and geographic disbursement of the Class makes joinder of all Class Members impracticable.

**Commonality and Predominance**

37. Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the Class include:

   a. Whether Comcast's dialing system(s) constitute an ATDS under the TCPA;

---

[1] According to the Federal Communications Commission, as many as 100,000 cell numbers are reassigned every day. *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961 (July 10, 2015).

COMPLAINT – CLASS ACTION - 5

b.  Whether Comcast used an ATDS to place non-emergency calls on the cellular telephones of Plaintiff and Class members without their prior express consent;

c.  Whether Comcast used an artificial or prerecorded voice in connection with the placement of non-emergency calls on the cellular telephones of Plaintiff and Class members without their prior express consent;

d.  Whether Comcast's telephone calls were made knowingly or willfully;

e.  Whether Plaintiff and Class members were damaged by receiving such calls; and

f.  Whether Comcast should be enjoined from engaging in such conduct in the future.

**Typicality**

38.  Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class Members, has been injured by Comcast's uniform misconduct—the placement of calls to cellular telephones for non-emergency purposes without the prior express consent of the called parties.

**Adequacy of Representation**

39.  Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in class action litigation and matters involving TCPA violations.

**Superiority**

40.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Comcast's financial resources, class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce Comcast to comply with Federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory

COMPLAINT – CLASS ACTION - 6

rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227, *et seq*.**

41. Plaintiff incorporates the above allegations by reference.

42. Comcast used an automatic telephone-dialing system and/or an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

43. The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii).

44. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call placed in violation of the TCPA.

45. Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

**SECOND CLAIM FOR RELIEF**
**Knowing or Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227, *et seq*.**

46. Plaintiff incorporates the above allegations by reference.

47. Comcast used an automatic telephone-dialing system and/or an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

COMPLAINT – CLASS ACTION - 7

48.     The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii).

49.     Under 47 U.S.C. § 227(b)(3)(C), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every call placed in violation of the TCPA.

50.     Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

A.      Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the Class defined above and appointing Plaintiff as the Class representative;

B.      Award $500 in statutory damages for each and every call that Comcast negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C.      Award $1,500 in statutory damages for each and every call that Comcast willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

D.      Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Comcast to implement measures to stop future violations of the TCPA; and

E.      Grant such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

COMPLAINT – CLASS ACTION - 8

| | |
|---|---|
| Dated: January 4, 2019 | Respectfully submitted, |
| | TERRELL MARSHALL LAW GROUP PLLC |
| | |
| | By: /s/ Beth E. Terrell, WSBA #26759 |
| | Beth E. Terrell, WSBA #26759 |
| | Email: bterrell@terrellmarshall.com |
| | |
| | By: /s/ Jennifer Rust Murray, WSBA #36983 |
| | Jennifer Rust Murray, WSBA #36983 |
| | Email: jmurray@terrellmarshall.com |
| | 936 North 34th Street, Suite 300 |
| | Seattle, Washington 98103-8869 |
| | Telephone: (206) 816-6603 |
| | Facsimile: (206) 319-5450 |
| | |
| | Daniel C. Girard* |
| | Email: dgirard@girardsharp.com |
| | Simon S. Grille* |
| | Email: sgrille@girardsharp.com |
| | GIRARD SHARP LLP |
| | 601 California Street, Suite 1400 |
| | San Francisco, California 94108 |
| | Telephone: (415) 981-4800 |
| | Facsimile: (415) 981-4846 |
| | |
| | *Pro Hac Vice Application Forthcoming |
| | |
| | Counsel for Plaintiff and the Proposed Class |