THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS LACY, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>COMCAST CORPORATION,<br><br>               Defendant. | Case No. 3:19-cv-05007-RBL<br><br>**DEFENDANT COMCAST CORPORATION'S MOTION TO STAY DISCOVERY AND TO VACATE CASE DEADLINES PENDING A DECISION ON MOTION TO COMPEL ARBITRATION**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**April 5, 2019** |

MOTION TO STAY DISCOVERY PENDING A DECISION ON MOTION TO COMPEL ARBITRATION (3:19-cv-05007-RBL)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND .............................................................................................................2

III. ARGUMENT...................................................................................................................3

    A. Courts Routinely Stay Discovery Pending a Motion to Compel Arbitration to Protect Against Discovery Burdens and Ensure Arbitration Benefits. .............................3

    B. Comcast Would Suffer Substantial Prejudice If the Court Declined to Stay Discovery, and Plaintiff Would Suffer None. ..................................................................6

IV. CONCLUSION................................................................................................................8

MOTION TO STAY DISCOVERY PENDING A DECISION ON MOTION TO COMPEL ARBITRATION (3:19-cv-05007-RBL) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Andrus v. D.R. Horton, Inc.*,
    2012 WL 1971326 (D. Nev. June 1, 2012) ............................................................. 3, 4, 5

*Bailey v. AffinityLifeStyles.com, Inc.*,
    2017 WL 10378319 (D. Nev. June 28, 2017) ............................................................. 4

*Benson v. Double Down Interactive, LLC*,
    2019 WL 972482 (W.D. Wash. Feb. 28, 2019) ........................................................ 5, 6

*In re CenturyLink Sales Practices & Sec. Litig.*,
    2018 WL 2122869 (D. Minn. May 8, 2018) ............................................................. 6, 7

*CIGNA Health Care of St. Louis, Inc. v. Kaiser*,
    294 F.3d 849 (7th Cir. 2002) ........................................................................................ 5

*Hill v. Asset Acceptance, LLC*,
    2014 WL 1289578 (S.D. Cal. Mar. 27, 2014) .............................................................. 4

*Hoisington v. Williams*,
    2010 WL 1006565 (W.D. Wash. Mar. 15, 2010) ........................................................ 4

*Langell v. Ideal Homes LLC*,
    2016 WL 8711704 (N.D. Cal. Nov. 18, 2016) ............................................................. 4

*Mahamedi IP Law, LLP v. Paradice & Li, LLP*,
    2017 WL 2727874 (N.D. Cal. Feb. 14, 2017) ......................................................... 3, 4, 5

*Miceli v. Citigroup, Inc.*,
    2016 WL 1170994 (D. Nev. Mar. 22, 2016) ................................................................ 4

*Morat v. Cingular Wireless LLC*,
    2008 WL 11336388 (M.D. Fla. Feb. 14, 2008) ............................................................ 6

*Mundi v. Union Sec. Life Ins. Co.*,
    2007 WL 2385069 (E.D. Cal. Aug. 17, 2007), *aff'd*, 555 F.3d 1042 (9th Cir. 2009) .... 5

*Okada v. Nev. Prop. 1, LLC*,
    2014 WL 6634446 (D. Nev. Nov. 21, 2014) ............................................................. 4, 5

*Steiner v. Apple Computer, Inc.*,
    2007 WL 4219388 (N.D. Cal. Nov. 29, 2007) ......................................................... 3, 4, 7

MOTION TO STAY DISCOVERY PENDING A DECISION ON MOTION TO
COMPEL ARBITRATION (3:19-cv-05007-RBL) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**Federal Statutes**

47 U.S.C. § 227 *et seq.* (Telephone Consumer Protection Act ("TCPA")) .............................................. 2

**Rules**

Fed. R. Civ. P. 1 ..................................................................................................................................... 4

Fed. R. Civ. P. 26 ................................................................................................................................... 1

Fed. R. Civ. P. 26(a)(1) .......................................................................................................................... 1

Fed. R. Civ. P. 26(d)(2) .......................................................................................................................... 7

Fed. R. Civ. P. 26(f) ........................................................................................................................... 1, 7

Fed. R. Civ. P. 34 ............................................................................................................................... 1, 7

Local Civ. R. 7(b)(5) .............................................................................................................................. 7

MOTION TO STAY DISCOVERY PENDING A DECISION ON MOTION TO
COMPEL ARBITRATION (3:19-cv-05007-RBL) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I. INTRODUCTION

Pursuant to LCR 7(d)(2)(A), Defendant Comcast Corporation ("Comcast")[1] moves to stay discovery and to vacate case deadlines pending resolution of Comcast's Motion to Compel Individual Arbitration and to Stay Litigation, which has been noted for April 12, 2019. *See* Comcast's Mot. to Compel Arbitration (Dkt. No. 18) ("MTCA").

Plaintiff Douglas Lacy ("Plaintiff") and Comcast are parties to a binding arbitration agreement that requires Plaintiff's claim to be submitted to individual arbitration. *See generally* MTCA. Accordingly, Comcast requests that all discovery be stayed and all scheduling deadlines be vacated so that the Court can resolve this threshold issue. Specifically, the Court previously set initial scheduling and discovery deadlines pursuant to Fed. R. Civ. P. 26 and LCR 26. *See* Order Re Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 4) at 1 ("Scheduling Order"). The Scheduling Order requires the parties to conduct their Initial Conference of the Parties pursuant to Fed. R. Civ. P. 26(f) and serve Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), ***before Comcast's MTCA will be heard***, and further sets the deadline for the Combined Joint Status Report and Discovery Plan required by Fed. R. Civ. P. 26(f) and LCR 26(f) for ***the week after*** the MTCA's noting date. In addition, Plaintiff has already served on Comcast "early Rule 34" requests for documents that purport to seek broad classwide discovery.

A short stay of this matter is appropriate given the expected early resolution of Comcast's MTCA. *See* LCR 7(b)(5) ("All motions will be decided as soon as practicable, and normally within thirty days following the noting date."). Further, a stay will not prejudice Plaintiff and will ensure that Comcast will receive the benefit of the arbitration agreement—a speedy and economical resolution of Plaintiff's individual claims, without being subject to broad class discovery. For these reasons, as detailed below, Comcast respectfully requests that the Court stay all discovery and vacate the deadlines set forth in the Scheduling Order pending resolution of Comcast's MTCA.

---

[1] Comcast Corporation's Motion is subject to and without waiver of its arguments that Plaintiff has erroneously named Comcast Corporation, instead of Comcast Cable Communications, LLC, as a defendant in this action. Comcast Corporation is a holding company, not an operating company, and is therefore not involved in the day-to-day management of its operating subsidiaries, including Comcast Cable Communications, LLC.

MOTION TO STAY DISCOVERY PENDING A DECISION ON MOTION TO COMPEL ARBITRATION (3:19-cv-05007-RBL) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## II. BACKGROUND

On January 4, 2019, Plaintiff, a former Comcast subscriber, filed a putative class action complaint against Comcast under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") arising out of telephone calls he allegedly received on his mobile telephone. *See* Compl. (Dkt. No. 1) ¶¶ 1–3. Plaintiff seeks to certify a nationwide class of persons who received telephone calls from Comcast, where such calls were made to persons "who [were] not [] Comcast customer[s] or subscriber[s] at the time of the call(s)." *Id.* ¶ 32.

On January 18, 2019, the Court issued the Scheduling Order, which sets discovery deadlines and related conferences to occur beginning in April 2019. *See* Scheduling Order at 1.

Plaintiff has served on Comcast ***twenty-three*** broad requests for production of documents. *See* Baker Decl. ¶ 2 (attaching Plaintiff's First Set of Requests for Production of Documents ("Plaintiff's RFPs") as **Exhibit A**). By his RFPs, Plaintiff seeks broad classwide discovery. *See, e.g.*, Baker Decl., Ex. A, RFP No. 3 ("Training manuals, user guides, operator manuals and any vendor materials for the dialing system You used to make calls to Plaintiff and members of the proposed class."); *id.* RFP No. 4 ("Documents identifying the make, model, software, and software version of the dialing system You used to make calls to Plaintiff and members of the proposed class."); *id.* RFP No. 5 ("Documents reflecting the functionalities, technical specifications and components of the dialing system used to make calls to Plaintiff and members of the proposed class."); *id.* RFP No. 6 ("Communications between You and any non-parties regarding the functionalities, technical specifications, or components of the dialing system used to make calls to Plaintiff and members of the proposed class."); *id.* RFP No. 7 ("Agreements and contracts between You and any non-party regarding the dialing system used to make calls to Plaintiff and members of the proposed class."); *id.* RFP No. 8 ("Call Data recorded or retained by the dialing system used to make calls to Plaintiff and members of the proposed class."); *id.* RFP No. 10 ("Records showing the names and addresses of persons to whom You made calls using the same dialing system used to make calls to Plaintiff and members of the proposed class."); *id.* RFP No. 15 ("Documents showing or comprising any payments You made to a non-party relating to automated calls."); *id.* RFP No. 18 ("Documents or a list sufficient to show all persons who informed You that You called the wrong

MOTION TO STAY DISCOVERY PENDING A DECISION ON MOTION TO COMPEL ARBITRATION (3:19-cv-05007-RBL) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

number, including name, telephone number, and address of informer and date the information was provided to You.").[2]

On March 18, 2018, Comcast filed its MTCA, noting it for consideration on April 12, 2019. *See* MTCA; *see also* LCR 7(d)(3). In its MTCA, Comcast establishes that Plaintiff—who admits he is a former Comcast subscriber, *see* Compl. ¶¶ 2, 14—is bound by the arbitration agreement provided to him with the Comcast Agreement for Residential Services ("Subscriber Agreement") when he started services at his residence in Puyallup, Washington. *See generally* MTCA; *see also* Miriello Decl. ISO MTCA (Dkt. No. 19). As a result, Plaintiff must pursue his claims in individual arbitration, not before this Court.

Comcast now seeks to stay discovery and vacate deadlines set forth in the Scheduling Order pending the Court's ruling on its MTCA, as such discovery would be premature and improper and would contravene the aims of arbitration.

### III.   ARGUMENT

#### A. Courts Routinely Stay Discovery Pending a Motion to Compel Arbitration to Protect Against Discovery Burdens and Ensure Arbitration Benefits.

In this Circuit, discovery stays are considered "common practice" and are "routinely" granted, as they help "conserv[e] the resources" of the parties and prevent defendants from being subject to discovery in actions that may be ordered to arbitration, where discovery is managed differently. *See Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1-2 (N.D. Cal. Feb. 14, 2017) (granting motion to stay discovery from defendant pending resolution of motion to compel arbitration); *Steiner v. Apple Computer, Inc.*, 2007 WL 4219388, at *1-2 (N.D. Cal. Nov. 29, 2007) ("[Defendant]'s motion to stay is well-taken. If [defendant]'s pending motion to compel arbitration is granted, litigation will proceed in an arbitral forum, not in this Court. And [i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators . . . ." (internal quotation marks and citation omitted; alteration in *Steiner*); *Andrus v. D.R. Horton, Inc.*, 2012 WL 1971326, at *3 (D. Nev. June 1, 2012)

---

[2] Comcast identifies the foregoing list of RFPs as merely an example that is without prejudice to Comcast's other objections to Plaintiff's RFPs, which are objectionable on numerous grounds.

MOTION TO STAY DISCOVERY PENDING A DECISION ON MOTION TO COMPEL ARBITRATION (3:19-cv-05007-RBL) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

(same). Courts have broad authority to and routinely do grant discovery stays while a motion to compel arbitration is pending. *See, e.g.*, *Hoisington v. Williams*, 2010 WL 1006565, at *1 (W.D. Wash. Mar. 15, 2010) (holding "[a] court may relieve a party of the burdens of discovery while a dispositive motion is pending," and citing courts' "broad discretionary powers to control discovery"); *Langell v. Ideal Homes LLC*, 2016 WL 8711704, at *3 (N.D. Cal. Nov. 18, 2016) (concluding motion to compel arbitration is dispositive motion); *Okada v. Nev. Prop. 1, LLC*, 2014 WL 6634446, at *1 (D. Nev. Nov. 21, 2014) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)); *Mahamedi*, 2017 WL 2727874, at *2 (granting stay and emphasizing Fed. R. Civ. P. 1's command to secure the "just, speedy, and inexpensive" resolution of cases); *accord Bailey v. AffinityLifeStyles.com, Inc.*, 2017 WL 10378319, at *2 (D. Nev. June 28, 2017) (granting stay and noting that Fed. R. Civ. P. 1's "directive is echoed by Rule 26, which instructs the Court to balance the expense of discovery against its likely benefit.").

Courts in the Ninth Circuit widely recognize that discovery is appropriately stayed pending resolution of a motion to compel arbitration. "Indeed, this is a common practice while motions to compel are pending." *Steiner*, 2007 WL 4219388, at *1-2 (describing motion to stay as "well-taken" and granting stay); *Mahamedi*, 2017 WL 2727874, at *1-2 (observing that "[c]ourts routinely grant stays under similar circumstances" and granting stay); *Miceli v. Citigroup, Inc.*, 2016 WL 1170994, at *1-2 (D. Nev. Mar. 22, 2016) (stating that "[i]t needs no citation of authority to recognize that discovery is expensive" and granting stay); *Hill v. Asset Acceptance, LLC*, 2014 WL 1289578, at *2 (S.D. Cal. Mar. 27, 2014) (granting stay and holding that discovery was "premature" given pending motion to compel arbitration).

Staying discovery achieves two goals: (1) it "conserv[es] … resources" in an action that may be transferred to arbitration, where discovery would be properly overseen by an arbitrator; and (2) it ensures that the party seeking to compel arbitration receives its benefits—a "streamlined" and "expeditious" proceeding—which would be defeated by being subject to discovery burdens in court. *See, e.g.*, *Andrus*, 2012 WL 1971326, at *3; *Steiner*, 2007 WL 4219388, at *1 (finding it "prudent" to grant short stay

MOTION TO STAY DISCOVERY PENDING A DECISION ON MOTION TO COMPEL ARBITRATION (3:19-cv-05007-RBL) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

pending resolution of motion to compel "[i]n the interests of conserving the resources of the parties"); *Mahamedi*, 2017 WL 2727874, at *1 (agreeing that defendant would "forever lose the advantages of arbitration—speed and economy" if court allowed discovery to proceed only to compel arbitration, and adding that plaintiff would suffer "no prejudice from a temporary stay").

As the court in *Andrus* explained:

> To require the parties to proceed with the action pending a ruling on the motion to compel arbitration and any appeal thereof would cause the party seeking to enforce the arbitration clause to be 'deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes.'

2012 WL 1971326, at *3 (quoting *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)); *see also Okada*, 2014 WL 6634446, at *2 ("Discovery is expensive. Indeed, Defendant stresses the importance of resolving the question of arbitration at the earliest possible stage of litigation in order to not lose the key advantages of arbitration—speed and economy."); *Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) (parties "should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration"), *aff'd*, 555 F.3d 1042 (9th Cir. 2009); *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002) ("[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators," not the district court).

The dual rationales for a stay are equally applicable here, where Comcast seeks to conserve resources pending resolution of its MTCA, and obtain the benefits of a streamlined and expeditious arbitration proceeding. Indeed, the resource conservation rationale applies with even greater force here because of the class waiver provision in agreement. *See, e.g.*, *Benson v. Double Down Interactive, LLC*, 2019 WL 972482, at *3 (W.D. Wash. Feb. 28, 2019) (Leighton, J.) ("D[efendant] would suffer irreparable harm because of the risk of arbitration becoming moot and the possibility of having to litigate a class action.").

Discovery in arbitration is a matter left to the arbitrator, and would focus on Plaintiff's individual claim, in contrast to the broad class discovery Plaintiff has propounded in this action. Accordingly, the Court should grant this motion and stay discovery, pending disposition of Comcast's motion to compel arbitration.

MOTION TO STAY DISCOVERY PENDING A DECISION ON MOTION TO COMPEL ARBITRATION (3:19-cv-05007-RBL) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

### B.   Comcast Would Suffer Substantial Prejudice If the Court Declined to Stay Discovery, and Plaintiff Would Suffer None.

As numerous courts have recognized, the prejudice of allowing discovery to proceed pending a motion to compel arbitration is heightened when a plaintiff (like Plaintiff here) seeks to assert class claims that are subject to a class waiver under the arbitration agreement at issue. *See In re CenturyLink Sales Practices & Sec. Litig.*, 2018 WL 2122869, at *2 (D. Minn. May 8, 2018); *Morat v. Cingular Wireless LLC*, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008).

This Court recently held that the risk of facing class litigation and discovery justifies a stay:

> Courts have determined that the defendants face a particular risk of irreparable harm when they have appealed an order refusing to compel arbitration of a potential class action. . . . Although the Court did not find that a valid browsewrap agreement exists here, [defendant] would still suffer irreparable harm similar to the movants in *Rajagopalan* and *Smith* if the Ninth Circuit disagrees and [defendant] is forced to litigate a class action unnecessarily.

*Benson*, 2019 WL 972482, at *3 (Leighton, J.) (citing *Rajagopalan v. Noteworld, LLC*, 2012 WL 2115482 at *3 (W.D. Wash. Jun. 11, 2012) and *Smith v. Legal Helpers*, 2012 WL 12863172 at *2 (W.D. Wash. Apr. 24, 2012)); *see also CenturyLink*, 2018 WL 2122869, at *2 ("Proceeding with discovery before determining which claims are arbitrable or subject to class action waivers would allow Plaintiffs to obtain extensive discovery on class-wide issues. Yet much of this information will be irrelevant to individual arbitrations. Such voluminous discovery will likely be costly in terms of money and time. Without a temporary stay, CenturyLink's potential right to have an arbitrator manage discovery would be negated." (citing *NBC v. Bear Stearns & Co.*, 165 F.3d 184, 190-91 (2d Cir. 1999))).

By contrast, Plaintiff will suffer no prejudice as a result of a stay to hear and decide the MTCA. *See Benson*, 2019 WL 972482, at *4 ("Here, the equities tilt in favor of [defendant] because the risk that arbitration will become moot is significantly greater compared to the monetary damages Plaintiffs may suffer. The Court does not find Plaintiffs argument regarding the decay of evidence or the possibility that another organization would not cooperate persuasive."); *accord CenturyLink*, 2018 WL 2122869, at *2 ("On the other hand, a temporary stay of discovery will not prejudice Plaintiffs. If the claims are subject to arbitration, Plaintiffs will not be prejudiced by being barred from taking discovery to which

MOTION TO STAY DISCOVERY PENDING A DECISION ON MOTION TO COMPEL ARBITRATION (3:19-cv-05007-RBL) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

they are not contractually entitled. If the claims are not subject to arbitration and class-action waivers, a brief delay in class-wide discovery to determine what discovery is appropriate is not prejudicial."). Indeed, Plaintiff may even benefit from a stay, as it may avoid having to "change course in their discovery plan" depending on whether their class claims are prohibited. *CenturyLink*, 2018 WL 2122869, at *2 (quoting *Roadbuilders Mach. Supply Co. v. Sennebogen, Inc.*, 2012 WL 1253265, at *2 (D. Kan. Apr. 13, 2012)).

Here, Comcast will suffer substantial prejudice if discovery is allowed to proceed—particularly given that Plaintiff's individual claims should be arbitrated and any class claims are barred under the Subscriber Agreement and the governing arbitration provision. Comcast would potentially be forced to spend significant amounts responding to Plaintiff's overbroad discovery requests and obtain none of the benefits of an expeditious arbitration proceeding. Proceeding apace with litigation discovery pending Comcast's MTCA would be inefficient and prejudicial, particularly where class claims are prohibited by the arbitration provision governing the Parties' relationship.

Conversely, Plaintiff will face no prejudice from a brief discovery stay. This action is in its infancy, only Comcast's MTCA is before the Court, and no discovery obligations have occurred. *See* Fed. R. Civ. P. 26(d)(2) (providing that "early Rule 34 requests" are "considered to have been served at the first Rule 26(f) conference[,]" which has not yet occurred); *see also* Scheduling Order. Given this Court's goal of deciding motions within 30 days of their noting date (*see* Local Civ. R. 7(b)(5)), a discovery stay will be brief. Weighed against the prejudice to Comcast, a "short stay" of discovery would be "common practice" and "prudent" here, pending resolution of Comcast's MTCA. *Steiner*, 2007 WL 4219388, at *1.

MOTION TO STAY DISCOVERY PENDING A DECISION ON MOTION TO COMPEL ARBITRATION (3:19-cv-05007-RBL) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### IV. CONCLUSION

For the forgoing reasons, Comcast respectfully requests that the Court stay discovery and vacate the case deadlines set forth in the Scheduling Order pending the Court's decision on Comcast's MTCA.

DATED this 18th day of March, 2019.

Respectfully submitted,

Attorneys for Defendant, Comcast Corporation

DAVIS WRIGHT TREMAINE LLP

By *s/ James C. Grant*
James C. Grant
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Ste. 3300
Seattle, WA 98104-1610
Tel:   206-622-3150
Fax:   206-757-7700
Email: jamesgrant@dwt.com

AKIN GUMP STRAUSS HAUER
& FELD LLP

By *s/ Michael W. McTigue Jr.*
Michael W. McTigue Jr. (*pro hac vice*)
Meredith C. Slawe (*pro hac vice*)
AKIN GUMP STRAUSS HAUER
& FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103
Tel.:   (215) 965-1200
Fax:    (215) 965-1210
Email: mmctigue@akingump.com
Email: mslawe@akingump.com

By *s/ Marshall L. Baker*
Marshall L. Baker (*pro hac vice*)
AKIN GUMP STRAUSS HAUER
& FELD LLP
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Tel.:   (310) 229-1074
Fax:    (310) 229-1001
Email: mbaker@akingump.com

MOTION TO STAY DISCOVERY PENDING A DECISION ON MOTION TO COMPEL ARBITRATION (3:19-cv-05007-RBL) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 18th day of March, 2019.

<u>s/ James C. Grant</u><br>
James C. Grant, WSBA #14358

MOTION TO STAY DISCOVERY PENDING A DECISION ON MOTION TO COMPEL ARBITRATION (3:19-cv-05007-RBL) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax