THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOUGLAS LACY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMCAST CORPORATION, ONPROCESS TECHNOLOGY, INC., and COMPLETE RECOVERY CORPORATION,<br><br>Defendants. | NO. 3:19-cv-05007-RBL<br><br>**AMENDED COMPLAINT—CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Douglas Lacy, individually and on behalf of others similarly situated, alleges the following against Comcast Corporation ("Comcast"), OnProcess Technology, Inc. ("OnProcess"), and Complete Recovery Corporation ("Complete Recovery").

**I. NATURE OF ACTION**

1. Since January 2018, Comcast and its agents—OnProcess and Complete Recovery—have repeatedly called Mr. Lacy's cellular phone about a Comcast account that does not belong to him. Comcast, OnProcess, and Complete Recovery each used an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice to make these calls.

2. Plaintiff began receiving Defendants' calls shortly after he got a new cellular phone number in January 2018. Mr. Lacy has not been a Comcast customer since 2013 and did not consent to receive calls from or on behalf of Comcast five years after he terminated his

AMENDED COMPLAINT—CLASS ACTION - 1
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Comcast subscription. Plaintiff has informed Comcast, OnProcess, and Complete Recovery that they have the wrong number and has asked Defendants to stop calling him. Defendants, nevertheless, continue to call Plaintiff's cellular phone without his consent.

3. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

## II.  JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, because they present a federal question.

5. This Court has personal jurisdiction over Comcast, OnProcess, and Complete Recovery because they each directed the calls that are the subject of this action to Plaintiff's cellular phone. Plaintiff's cellular phone uses a Washington area code and was, at all relevant times, located in Washington. Comcast, OnProcess, and Complete Recovery continuously and systematically conduct business in Washington.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## III.  PARTIES

7. Plaintiff Douglas Lacy resides in Spanaway, Washington.

8. Defendant Comcast is a Pennsylvania corporation with headquarters at One Comcast Center, Philadelphia, Pennsylvania, 19103-2838.

9. Defendant OnProcess is a Massachusetts corporation with headquarters at 200 Homer Ave., Ashland, Massachusetts, 01721.

10. Defendant Complete Recovery is a Utah corporation with headquarters at 5184 W. Wiley Post Way, Suite 200, Salt Lak City, Utah, 84116.

AMENDED COMPLAINT—CLASS ACTION - 2
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## IV. FACTUAL ALLEGATIONS

**A. Defendants Made Non-Emergency Calls to the Cellular Phones of Plaintiff and Other Consumers Without Their Prior Express Consent.**

11. Plaintiff's telephone number, (XXX) XXX-6397, is assigned to a cellular telephone service. Plaintiff first acquired this cellular phone number in January 2018.

12. Since January 2018, Comcast, OnProcess, and Complete Recovery have called Plaintiff's cellular phone at least 147 times and left at least 56 voicemails.

13. Plaintiff received at least 142 calls from the number 1-800-266-2278.

14. Plaintiff received at least three calls from 1-855-692-3151 and at least two calls from 1-855-222-8463.

15. All of the calls and voicemails referenced in paragraphs 12-14 pertain to a Comcast account that does not belong to Plaintiff.

16. All of the calls and voicemails referenced in paragraphs 12-14 were intended for some person other than Plaintiff.

17. Plaintiff has not been a Comcast customer or subscriber since 2013.

18. None of the calls and voicemails referenced in paragraphs 12-14 pertains to Plaintiff's prior relationship with Comcast.

19. Plaintiff did not consent to receive calls from Comcast after he terminated his subscription in 2013.

20. Plaintiff never consented to receive Comcast calls intended for other Comcast customers.

21. Plaintiff has never consented to receive calls from OnProcess.

22. Plaintiff has never consented to receive calls from Complete Recovery.

23. Plaintiff received at least 54 voicemails from the number 1-800-266-2278. All of these voicemails are identical. Each voicemail delivers the following message with an artificial or prerecorded voice: "Hi, this is Comcast calling with an important message. Please call us back at 1-800-266-2278 to learn more."

AMENDED COMPLAINT—CLASS ACTION - 3
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

24. When dialed, telephone number 1-800-266-2278 plays a recorded message that states, "Welcome to Comcast."

25. Plaintiff received at least one voicemail from the number 1-855-692-3151 on December 19, 2018.

26. When dialed, telephone number 1-855-692-3151 plays a recorded message that informs the caller that it is "OnProcess on behalf of Comcast" and then connects the caller to an OnProcess employee or agent.

27. OnProcess's recorded greeting, associated with the number 1-855-692-3151, states that OnProcess is acting on behalf of Comcast.

28. OnProcess's website identifies Comcast as one of its business partners.

29. Plaintiff received at least one voicemail from the number 1-855-222-8463 on March 18, 2019.

30. When dialed, telephone number 1-855-222-8463 plays a recorded message that states: "Thank you for calling Complete Recovery, your cable company's equipment return partner" and then connects the caller to a Complete Recovery employee or agent.

31. The voicemails Plaintiff received from 1-855-692-3151 and 1-855-222-8463 deliver messages with an artificial or prerecorded voice. Both messages direct the intended recipient to return Comcast equipment.

32. Plaintiff is not in possession of any Comcast equipment. He returned the only Comcast equipment that he has ever possessed when he terminated his subscription in 2013.

33. On or about December 20, 2018, Plaintiff called back the 1-855-692-3151 number and learned that Comcast was looking for someone named Andrew Hansen. Plaintiff does not know anybody named Andrew Hansen and has never had any sort of relationship with anyone named Andrew Hansen.

34. The voicemail Plaintiff received on March 18, 2019 instructed the intended recipient to call the number 1-855-222-8463. The message also states that "Comcast has

AMENDED COMPLAINT—CLASS ACTION - 4
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

partnered with Complete Recovery to provide additional free and easy return options [for Comcast equipment]."

35. Plaintiff called 1-855-222-8463 on March 21, 2019, and was connected to a person who works for Complete Recovery. This person told Plaintiff that Complete Recovery works with Comcast to recover Comcast equipment and that they were looking for someone named Andrew Hansen, who lives on Russell Street. Plaintiff informed Complete Recovery that it has the wrong number and asked that Complete Recovery and Comcast stop calling him.

36. Plaintiff does not, and has never, lived on Russell Street.

37. Complete Recovery admitted to Plaintiff that it called Plaintiff on behalf of Comcast.

38. The content of the calls and voicemails that Plaintiff received from Comcast, OnProcess, and Complete Recovery demonstrates that the calls were not made for an emergency purpose.

39. Plaintiff has answered calls made by Comcast and informed Comcast that he was not the intended recipient of the calls, and requested that it stop calling him.

40. Plaintiff has called OnProcess by dialing 1-855-692-3151 and informed OnProcess that he was not the intended recipient of the calls, and requested that it and Comcast stop calling him.

41. Plaintiff has called Complete Recovery by dialing 1-855-222-8463 and informed Complete Recovery that he was not the intended recipient of the calls, and requested that it and Comcast stop calling him.

42. Plaintiff continued to receive Comcast calls after asking Comcast and its agents to stop calling him.

43. Comcast and Complete Recovery have both been sued for calling behavior similar to the behavior described in this complaint.

AMENDED COMPLAINT—CLASS ACTION - 5
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

44. Comcast and Complete Recovery are each aware of the TCPA's prohibitions against the use of automatic dialing systems and artificial or prerecorded voices to make calls to cellular phones without the prior express consent of the called party. Defendants therefore knowingly or willfully caused autodialed calls to be made to the cellular phones of Plaintiff and other consumers without their prior express consent.

45. Each call Comcast made to Plaintiff's cellular phone after he informed Comcast that it was calling the wrong number was made knowingly or willfully.

46. Each call Complete Recovery made to Plaintiff's cellular phone after he informed Complete Recovery that it was calling the wrong number was made knowingly or willfully.

47. Each call OnProcess made to Plaintiff's cellular phone after he informed OnProcess that it was calling the wrong number was made knowingly or willfully.

**B.    Defendants Used an ATDS and an Artificial or Pre-recorded Voice.**

48. Each time that Comcast called his cellular phone, Comcast called Plaintiff using an ATDS. Plaintiff noted a pause before the start of each message he received when he did not answer, and before being connected to the call when he did answer, which is characteristic of a call placed by an ATDS.

49. Each time that OnProcess called his cellular phone, OnProcess called Plaintiff using an ATDS. Plaintiff noted a pause before the start of each message he received when he did not answer, and before being connected to the call when he did answer, which is characteristic of a call placed by an ATDS.

50. Each time that Complete Recovery called his cellular phone, Complete Recovery called Plaintiff using an ATDS. Plaintiff noted a pause before the start of each message he received when he did not answer, and before being connected to the call when he did answer, which is characteristic of a call placed by an ATDS.

AMENDED COMPLAINT—CLASS ACTION - 6
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

51. Comcast called Plaintiff using a prerecorded or artificial voice, as evidenced by the tone and cadence of the voice on the calls and voicemails.

52. OnProcess called Plaintiff using a prerecorded or artificial voice, as evidenced by the tone and cadence of the voice on the calls and voicemails.

53. Complete Recovery called Plaintiff using a prerecorded or artificial voice, as evidenced by the tone and cadence of the voice on the calls and voicemails.

54. Comcast is a publicly traded company with a market cap exceeding $153 billion. With approximately 60 million customers, the scale of Comcast's business requires that it and its agents use of a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents.

55. OnProcess makes telephone calls and leaves voicemails to collect equipment for Comcast. OnProcess represents that it has nearly "20 years of experience optimizing asset recovery programs for hundreds of leading companies." The scale of OnProcess's business, including large clients such as Comcast, requires that it use a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents.

56. Complete recovery makes telephone calls and leaves voicemails to collect equipment for Comcast. In 2017, Complete Recovery "assisted in resolving over $1 billion dollars' worth of client assets." The scale of Complete Recovery's business, including large clients such as Comcast, requires that it use a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents.

57. The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically

AMENDED COMPLAINT—CLASS ACTION - 7
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

call such numbers for the calls that are the subject of this case. The equipment generated, and then stored, a sequence of telephone numbers for calling, and then automatically called those numbers. The calls were part of a campaign that made numerous phone numbers in a short period of time without human intervention.

C.  **Defendants' Violations of the TCPA Harmed Plaintiff**.

58.  During the relevant period, Plaintiff has carried his cellular phone with him at most times so that he can be available to family, friends, and his employer.

59.  Defendants' repeated calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by constantly interrupting his daily life and wasted his time.

60.  Defendants' calls and voicemails intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The calls temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to address the calls and voicemails. The clutter of Defendants' calls and voicemails also impaired the usefulness of the call log feature of Plaintiff's cellular phone.

## V.  CLASS ACTION ALLEGATIONS

61.  Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)(3) as a representative of the following class:

> Each person within the United States who (1) received a non-emergency call to his or her cellular telephone; (2) from Comcast and/or from OnProcess or Complete Recovery on behalf of Comcast; (3) through the use of an ATDS and/or an artificial or prerecorded voice; and (4) which call was directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of the Comcast, OnProcess, or Complete Recovery calls.

AMENDED COMPLAINT—CLASS ACTION - 8
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Plaintiff reserves the right to amend the class definition following an appropriate period of discovery.

62. Excluded from the Class are Defendants, their employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and Plaintiff's counsel.

63. Because auto-dialing equipment maintains records of each contact, members of the above-defined Class can be identified through Defendants' records.

**Numerosity**

64. At the time of filing, Plaintiff does not know the exact number of Class Members. But the volume of cellular telephone numbers reassigned on a daily basis[1] and the number of Comcast customers indicate that Class Members likely number in the hundreds of thousands, if not millions, and are geographically disbursed throughout the country.

65. The alleged size and geographic disbursement of the Class makes joinder of all Class Members impracticable.

**Commonality and Predominance**

66. Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the Class include:

    a. Whether Defendants' dialing system(s) constitute an ATDS under the TCPA;

    b. Whether Defendants used an ATDS to place non-emergency calls on the cellular telephones of Plaintiff and Class members without their prior express consent;

---

[1] According to the Federal Communications Commission, as many as 100,000 cell numbers are reassigned every day. *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961 (July 10, 2015).

AMENDED COMPLAINT—CLASS ACTION - 9
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

      c.      Whether Defendants used an artificial or prerecorded voice in connection with the placement of non-emergency calls on the cellular telephones of Plaintiff and Class members without their prior express consent;

      d.      Whether Defendants' telephone calls were made knowingly or willfully;

      e.      Whether Plaintiff and Class members were damaged by receiving such calls; and

      f.      Whether Defendants should be enjoined from engaging in such conduct in the future.

### Typicality

67. Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class Members, has been injured by Defendants' uniform misconduct—the placement of calls to cellular telephones for non-emergency purposes without the prior express consent of the called parties.

### Adequacy of Representation

68. Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in class action litigation and matters involving TCPA violations.

### Superiority

69. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Defendants' financial resources, class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce Defendants to comply with Federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be

AMENDED COMPLAINT—CLASS ACTION - 10
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

## VI.  FIRST CLAIM FOR RELIEF

**Negligent Violation of the Telephone Consumer Protection Act
47 U.S.C. § 227,** *et seq.*

70. Plaintiff incorporates the above allegations by reference.

71. Comcast, OnProcess, and Complete Recovery each used an automatic telephone-dialing system and/or an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

72. The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii).

73. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call placed in violation of the TCPA.

74. Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

## VII.  SECOND CLAIM FOR RELIEF

**Knowing or Willful Violation of the Telephone Consumer Protection Act
47 U.S.C. § 227,** *et seq.*

75. Plaintiff incorporates the above allegations by reference.

76. Comcast, OnProcess, and Complete Recovery each used an automatic telephone-dialing system and/or an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

AMENDED COMPLAINT—CLASS ACTION - 11
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

77. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii).

78. Under 47 U.S.C. § 227(b)(3)(C), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every call placed in violation of the TCPA.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

A. Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the Class defined above and appointing Plaintiff as the Class representative;

B. Award $500 in statutory damages for each and every call that Comcast negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C. Award $500 in statutory damages for each and every call that OnProcess negligently placed on behalf of Comcast in violation of 47 U.S.C. § 227(b)(1) of the TCPA

D. Award $500 in statutory damages for each and every call that Complete Recovery negligently placed on behalf of Comcast in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

E. Award $1,500 in statutory damages for each and every call that Comcast willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

F. Award $1,500 in statutory damages for each and every call that OnProcess willfully or knowingly placed on behalf of Comcast in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

AMENDED COMPLAINT—CLASS ACTION - 12
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

G.    Award $1,500 in statutory damages for each and every call that Complete Recovery willfully or knowingly placed on behalf of Comcast in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

H.    Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendants to implement measures to stop future violations of the TCPA; and

I.    Grant such further relief as the Court deems proper.

### IX.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of April, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA 26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Daniel C. Girard, *Admitted Pro Hac Vice*
Email: dgirard@girardsharp.com
Simon S. Grille, *Admitted Pro Hac Vice*
Email: sgrille@girardsharp.com
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Counsel for Plaintiff and the Proposed Class*

AMENDED COMPLAINT—CLASS ACTION - 13
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

<u>CERTIFICATE OF SERVICE</u>

I, Beth E. Terrell, hereby certify that on April 2, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> James C. Grant, WSBA #14358
> Email: jamesgrant@dwt.com
> DAVIS WRIGHT TREMAINE LLP
> 920 Fifth Avenue, Suite 3300
> Seattle, Washington 98104
> Telephone: (206) 622-3150
> Facsimile: (206) 757-7700
>
> Marshall L. Baker, *Admitted Pro Hac Vice*
> Email: mbaker@akingump.com
> AKIN GUMP STRAUSS HAUER & FELD LLP
> 1999 Avenue of the Stars, Suite 600
> Los Angeles, California 90067
> Telephone: (310) 229-1000
> Facsimile: (310) 229-1001
>
> Michael W. McTigue, Jr., *Admitted Pro Hac Vice*
> Email:  mmctigue@akingump.com
> Meredith C. Slawe, *Admitted Pro Hac Vice*
> Email: mslawe@akingump.com
> AKIN GUMP STRAUSS HAUER & FELD LLP
> Two Commerce Square, Suite 4100
> 2001 Market Street
> Philadelphia, Pennsylvania 19103
> Telephone: (215) 965-1200
> Facsimile: (215) 965-1210
>
> *Attorneys for Defendant Comcast Corporation*

AMENDED COMPLAINT—CLASS ACTION - 14
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 DATED this 2nd day of April, 2019.

2         TERRELL MARSHALL LAW GROUP PLLC

3         By: <u>/s/ Beth E. Terrell, WSBA #26759</u>
           Beth E. Terrell, WSBA #26759
           Email: bterrell@terrellmarshall.com
           936 North 34th Street, Suite 300
           Seattle, Washington 98103
           Telephone: (206) 816-6603
           Facsimile: (206) 319-5450

*Attorneys for Plaintiff and the Proposed Class*

AMENDED COMPLAINT—CLASS ACTION - 15
CASE NO. 3:19-cv-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com