THE HONORABLE RONALD B. LEIGHTON

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOUGLAS LACY, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>COMCAST CORPORATION,<br><br>　　　　　　　　Defendant. | NO. 3:19-cv-05007-RBL<br><br>**DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD, LIFT STAY, AND TO SET DEADLINES FOR THE PARTIES TO CONFER UNDER FED. R. CIV. P. 26(f) AND TO SUBMIT A JOINT STATUS REPORT AND DISCOVERY PLAN** |

I, Jennifer Rust Murray, declare as follows:

1.　　I am a member of the law firm of Terrell Marshall Law Group PLLC ("TMLG"), counsel of record for Plaintiff in this matter. I am admitted to practice before this Court and am a member in good standing of the bars of the states of Washington and Oregon. I respectfully submit this declaration in support of Motion to Confirm Arbitration Award, Lift Stay and to Set Deadlines for the Parties to Confer under Fed. R. Civ. P. 26(f) and to Submit a Joint Status Report and Discovery Plan in the above-captioned class action. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD, LIFT STAY, AND TO SET DEADLINES FOR THE PARTIES TO CONFER UNDER FED. R. CIV. P. 26(F) AND TO SUBMIT A JOINT STATUS REPORT AND DISCOVERY PLAN - 1
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2. Attached hereto as Exhibit 1 is a true and correct copy of the American Arbitration Association Award of Arbitrator, dated October 1, 2019.

3. On October 7, 2019, after the arbitration was complete, I reached out by email to ask Comcast's counsel if his client would agree that the parties could file a joint motion to confirm the arbitration award, lift the stay, and enter a scheduling order. I attached a draft stipulated motion to my email. I did not receive a response to my email with Comcast's position. I reached out to Comcast's counsel again on October 24, 2019. I did not receive a response to this second email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 7th day of November, 2019, at Seattle, Washington.

    /s/ Jennifer Rust Murray, WSBA #36983
Jennifer Rust Murray, WSBA #36983

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD, LIFT STAY, AND TO SET DEADLINES FOR THE PARTIES TO CONFER UNDER FED. R. CIV. P. 26(F) AND TO SUBMIT A JOINT STATUS REPORT AND DISCOVERY PLAN - 2
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## CERTIFICATE OF SERVICE

I, Jennifer Rust Murray, hereby certify that on November 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James C. Grant, WSBA #14358
Email: jamesgrant@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

Marshall L. Baker, *Admitted Pro Hac Vice*
Email: mbaker@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1999 Avenue of the Stars, Suite 600
Los Angeles, California 90067
Telephone: (310) 229-1000
Facsimile: (310) 229-1001

Michael W. McTigue, Jr., *Admitted Pro Hac Vice*
Email: mmctigue@akingump.com
Meredith C. Slawe, *Admitted Pro Hac Vice*
Email: mslawe@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square, Suite 4100
2001 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 965-1200
Facsimile: (215) 965-1210

*Attorneys for Defendant Comcast Corporation*

DECLARATION OF JENNIFER RUST MURRAY IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD, LIFT STAY, AND TO SET DEADLINES FOR THE PARTIES TO CONFER UNDER FED. R. CIV. P. 26(F) AND TO SUBMIT A JOINT STATUS REPORT AND DISCOVERY PLAN - 3
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   DATED this 7th day of November, 2019.

2                                        TERRELL MARSHALL LAW GROUP PLLC

3                                        By: /s/ Jennifer Rust Murray, WSBA #36983
                                             Jennifer Rust Murray, WSBA #36983
4                                            Email: jmurray@terrellmarshall.com
                                             936 North 34th Street, Suite 300
5                                            Seattle, Washington 98103
                                             Telephone: (206) 816-6603
6                                            Facsimile: (206) 319-5450

7
                                         *Attorneys for Plaintiff and the Proposed Class*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  DECLARATION OF JENNIFER RUST MURRAY IN
    SUPPORT OF MOTION TO CONFIRM ARBITRATION
27  AWARD, LIFT STAY, AND TO SET DEADLINES FOR
    THE PARTIES TO CONFER UNDER FED. R. CIV. P. 26(F)          **TERRELL MARSHALL LAW GROUP PLLC**
    AND TO SUBMIT A JOINT STATUS REPORT AND                    936 North 34th Street, Suite 300
    DISCOVERY PLAN - 4                                         Seattle, Washington  98103-8869
                                                               TEL. 206.816.6603 • FAX 206.319.5450
    CASE NO. 3:19-CV-05007-RBL                                 www.terrellmarshall.com

— **EXHIBIT 1** —



# American Arbitration Association

# Consumer Arbitration Rules

Case Number: 01-19-0001-2618

**Comcast Cable Communications, LLC (Claimant)**

-vs-

**Douglas Lacy (Respondent)**

## AWARD OF ARBITRATOR

I, Estera Gordon, am the undersigned arbitrator designated in accordance with the arbitration agreement contained in the parties' Comcast Agreement for Residential Services and pursuant to a Stipulation and Order entered in Lacy v. Comcast Corp., No. 3:19-cv-05007-RBL, US District Court, WD WA ("the Federal Court case"). I have been duly sworn, and have reviewed the documentary evidence, written arguments, and authorities submitted by the parties, and have heard and considered the parties' arguments presented at a video hearing conducted on September 18, 2019.

At the hearing, Claimant Comcast (Defendant in the Federal Court case) was represented by its counsel, Michael McTigue, and Respondent Lacy (Plaintiff in the Federal Court case) was represented by his counsel, Simon Grille and Jennifer Murray.

Based on the foregoing, I now hereby make the following Award:

Lacy's claims against Comcast, as alleged in Lacy's First Amended Complaint in the Federal Court case, are outside the scope of the parties' arbitration agreement for the following reasons:

- The arbitration agreement, by its terms, applies only to disputes, claims, or controversies that are "regarding any aspect of [Lacy's] relationship with Comcast." The Federal Court case claims have nothing to do with any aspect of Lacy's relationship with Comcast; it is purely happenstance that Lacy was a former Comcast customer.

- The contractual and FAA direction to read the arbitration clause broadly does not support arbitration of the Federal Court case because the arbitration agreement cannot plausibly be read to include the claims alleged. Comcast's argument is that any alleged conduct by Comcast that gives rise to a dispute also gives rise to a relationship that the dispute is "regarding." But that

4813-3864-1574.1

    interpretation reads the relationship requirement out of the arbitration agreement, contrary to its plain language.

- The authorities provided by the parties support this analysis. The cases requiring arbitration are distinguishable either because they involved disputes about some aspect of the parties' pre-dispute relationship, or because they were decided under an arbitration clause that did not include the relationship requirement (*e.g.*, *Brown v. Comcast Corp.*, No. 16-cv-03649-JST, US District Court, ND CAL, where the arbitration clause covered "any claim or controversy related to Comcast"). And several of the authorities that denied arbitration are directly on point, as to both the arbitration clause language and the nature of the dispute.

The administrative fees of the American Arbitration Association totaling two thousand four hundred dollars and zero cents ($2,400.00) have been paid by Claimant and shall be borne entirely by Claimant. The compensation of the arbitrator totaling two thousand five hundred dollars and zero cents ($2,500.00) has been paid by Claimant and shall be borne entirely by Claimant.

Neither party is entitled to an award of attorney fees for this arbitration.

This Award is in full settlement of all issues submitted to this arbitration. All claims not expressly granted are hereby, denied.

October 1, 2019
Date

*Estera Gordon*
Estera Gordon, Arbitrator

4813-3864-1574.1