THE HONORABLE RONALD B. LEIGHTON

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8    DOUGLAS LACY, on behalf of himself and all
others similarly situated,

9                                              NO. 3:19-cv-05007-RBL

10                        Plaintiff,           **PLAINTIFF'S RESPONSE TO
                                               DEFENDANT COMCAST CABLE
11        vs.                                  COMMUNICATIONS, LLC'S
                                               MOTION FOR A STAY OR, IN THE
12   COMCAST CABLE COMMUNICATIONS,             ALTERNATIVE, FOR A
     LLC,                                      PROTECTIVE ORDER**
13
                         Defendant.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ........................................................................................................... 1

II.   BACKGROUND ........................................................................................................... 1

III.  ARGUMENT ................................................................................................................. 2

    A.   Comcast has not met its burden of establishing a compelling need
        for a stay .............................................................................................................. 2

        1.    A stay will not simplify the issues or proof in this case .......................... 3

        2.    Comcast has not demonstrated hardship or inequity .............................. 5

    B.   Comcast's request for a protective order should be denied ............................... 7

        1.    The contact information of call recipients is relevant ............................ 7

        2.    Comcast should produce call data and provide notice to
            its subscribers ........................................................................................ 8

        3.    Comcast has not established undue burden ........................................... 10

IV.   CONCLUSION ............................................................................................................ 11

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - i
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## <u>TABLE OF AUTHORITIES</u>

Page

*Am. Ass'n of Political Consultants, Inc. v. FCC,*
    923 F.3d 159 (4th Cir. 2019) ........................................................................... 3

*Artis v. Deere & Co.,*
    276 F.R.D. 348 (N.D. Cal. 2011) ................................................................... 9

*Barr v. AAPC, Inc.,*
    No. 19-631, 2019 WL 6115075 (Nov. 24, 2019) .......................................... 3

*Barr v. American Ass'n of Political Consultants, Inc.,*
    140 S. Ct. 812 (2020) ............................................................................. 1, 3, 5

*Beets v. Molina Healthcare, Inc.,*
    No. CV 16-5642-CAS (KSx),
    2019 WL 2895630 (C.D. Cal. Apr. 9, 2019) ................................................ 7

*Blankenship v. Hearst Corp.,*
    519 F.2d 418 (9th Cir. 1975) ........................................................................ 7

*Cabiness v. Educ. Fin. Sols., LLC,*
    No. 16-CV-01109-JST, 2017 WL 167678 (N.D. Cal. Jan. 17, 2017) ........... 6

*City of Seattle v. Prof'l Basketball Club, LLC,*
    No. C07-1620MJP, 2008 WL 539809 (W.D. Wash. Feb. 25, 2008) ........... 10

*Clinton v. Jones,*
    520 U.S. 681 (1997) ..................................................................................... 2

*CMAX, Inc. v. Hall,*
    300 F.2d 265 (9th Cir. 1962) .................................................................... 2, 3

*Comcast Cable Communications, LLC v. Hourani,* 1
    90 F. Supp. 3d 29 (D.D.C. 2016) ................................................................ 10

*Cordoba v. DIRECTV, LLC,*
    No. 1:15-CV-03755, Dkt. 96 (N.D. Ga. July 12, 2017) .......................... 9, 10

*Dependable Highway Express, Inc. v. Navigators Ins. Co.,*
    498 F.3d 1059 (9th Cir. 2007) .................................................................. 2, 5

*Dist. Hosp. Partners, L.P. v. Burwell,*
    No. 16-528 ESH, 2016 WL 3746466 (D.D.C. July 8, 2016) ........................ 4

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - ii
CASE NO. 3:19-cv-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Duguid v. Facebook, Inc.*,
    926 F.3d 1146 (9th Cir. 2019) .................................................................. 4

*E.E.O.C. v. Caesars Ent., Inc.*,
    237 F.R.D. 428 (D. Nev. 2006) ............................................................... 11

*Edwards v. Oportun, Inc.*,
    193 F. Supp. 3d 1096 (N.D. Cal. 2016) ..................................................... 6

*Elf-Man, LLC v. Does*,
    No. 13-CV-0115-TOR,
    2013 WL 12170603 (E.D. Wash. Apr. 15, 2013) ...................................... 10

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
    331 F.3d 1122 (9th Cir. 2003) .................................................................. 7

*Garter v. County of San Diego*,
    No. 15-cv-1868-MMA (NLS), 2017 WL 1365693 (S.D. Cal. Apr. 14, 2017) ............. 6

*Geraci v. Red Robin Int'l, Inc.*,
    No. 1:19-cv-01826 (D. Colo. Feb. 28, 2020) .............................................. 4

*Gold Grp. Enters., Inc. v. Bull*,
    No. 14-7410 (ES) (MAH), 2015 WL 3794719 (D.N.J. Jun. 16, 2015). ......................... 8

*Hand v. ARB KC, LLC*,
    No. 4:19-cv-00108-NKL, 2019 WL 6497432 (W.D. Mo. Dec. 3, 2019) ...................... 4

*Hankinson v. R.T.G. Furniture Corp.*,
    No. 15-81139-CIV, 2016 WL 1182768 (S.D. Fla. Mar. 28, 2016) ........................ 8

*Hiemstra v. Credit One Bank*,
    No. 2:16-cv-02437-JAM-EFB,
    2017 WL 4124233 (E.D. Cal. Sept. 15, 2017) .......................................... 5

*In re Williams-Sonoma, Inc.*,
    947 F.3d 535 (9th Cir. 2020) .................................................................. 8

*Katz v. Liberty Power Corp., LLC*,
No. 18-cv-10506-ADB, 2019 WL 6051442 (D. Mass. Nov. 15, 2019); ....................... 4

*Keene Corp v. U.S.*,
    508 U.S. 200 (1993) ............................................................................. 9

*Kesler v. IKEA U.S., Inc.*,
    No. SACV-07-00568-JVS-RNBX, 2008 WL 11339118 (C.D. Cal. Jan. 2, 2008) ........ 6

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - iii
CASE NO. 3:19-cv-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Khalilpour v. CELLCO P'ship*,
   No. C 09-02712 CW (MEJ), 2010 WL 1267749, (N.D. Cal. Apr. 1, 2010) ................. 9

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ............................................................................................ 1, 5

*Lathrop v. Uber Techs., Inc.*,
    No. 14-CV-05678-JST, 2016 WL 97511 (N.D. Cal. Jan. 8, 2016) ............................ 6

*Leeb v. Charter Commc'ns*,
   No. 4:17-cv-2780 RLW, 2019 WL 144132 (E.D. Mo. Jan. 9, 2019)........................ 8, 9

*Lennartson v. Papa Murphy's Holdings, Inc.*,
   No. C15-5307 RBL, 2016 WL 51747(W.D. Wash. Jan. 5, 2016) ............................ 2

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) ............................................................................ 5

*Mandrigues v. World Sav. Inc.*,
   No. C 07-4497, 2008 WL 11388759 (N.D. Cal. Jun. 20, 2008) ................................. 8

*Mbazomo v. ETourandTravel, Inc.*,
   No. 2:16-cv-0229-SB, 2017 WL 2346981 (E.D. Cal. May 30, 2017) .......................... 7

*McKinley v. Grill*,
   No. 17-2408-JPM-TMP, 2017 WL 7052145 (W.D. Tenn. Aug. 11, 2017) .................. 6

*Medina v. Enhanced Recovery Co., LLC*,
   No. 15-14342-CIV, 2017 WL 5195903 (S.D. Fla. Nov. 9, 2017)............................ 9

*Montez v. Chase Home Fin. LLC*,
   No. 11-cv-530 JLS, 2011 WL 2729445 (S.D. Cal. July 13, 2011) ............................ 5

*NFIB v. Sebelius*,
   567 U.S. 519 (2012) ............................................................................................ 3

*Nken v. Holder*,
   556 U.S. 418 (2009) ............................................................................................ 2

*Ontiveros v. Zamora*,
   No. CIV. S-08-567 LKK, 2013 WL 1785891 (E.D. Cal. Apr. 25, 2013) .................... 6

*Pacific Bus. Cap. Corp. v. Time Warner Cable, Inc.*,
   No. CV 09-5188-RSWL (PJWx), 2011 WL 13213545 (C.D. Cal. Sept. 23, 2011)....... 9

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - iv
CASE NO. 3:19-cv-05007-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Parker v. Portfolio Recovery Assocs., LLC*,
    No. 18-cv-02103-JVS, 2019 WL 4149436 (C.D. Cal. July 11, 2019) ......................... 4

*Perrong v. Liberty Power Corp.*,
    411 F. Supp. 3d 258 (D. Del. 2019) ............................................................... 4

*Perrong v. Liberty Power Corp., L.L.C.*,
    No. 1:18-cv-00712 (D. Del. Mar. 6, 2020) ................................................. 4, 5

*Phase II Chin, LLC v. Forum Shops, LLC*,
    No. 2:08-cv-00162-JCM-GWF, 2010 WL 1163621(D. Nev. Feb. 5, 2010) ............... 10

*Robbins v. NCO Fin. Sys. Inc.*,
    No. 2:06 cv 116, 2006 WL 3833352 (N.D. Ind. Dec. 12, 2006) ................................. 8

*Rosenberg v. LoanDepot.com LLC*,
    No. 19-10661-NMG, 2020 WL 409634 (D. Mass. Jan. 24, 2020); ............................. 4

*Seefeldt v. Entertainment Consulting International, LLC*
    No. 4:19-cv-0018, 2020 WL 905844 (E.D. Mo. Feb. 25, 2020) ................................. 5

*Silwa v. Bright House Networks, LLC*,
    No. 2:16-cv-235-FtM-29MRM, 2018 WL 1183350 (M.D. Fla. Feb. 14, 2018) ........... 9

*Smith v. Truman Rd. Dev.*,
    414 F. Supp. 3d 1205 (W.D. Mo. 2019) ........................................................... 4

*Strange v. Detroit Trading Services, LLC*,
    No. 18-13238 (E.D. Mich. Feb. 13, 2020) ....................................................... 4

*Sutor v. Amerigroup Corp.*,
    No. 1:19-cv-1602-LMB-JFA (E.D. Va. Mar. 10, 2020) ........................................ 3, 4

*Thrasher v. CMRE Fin. Servs., Inc.*,
    No. 14-CV-1540 BEN (NLS), 2015 WL 1138469 (S.D. Cal. Mar. 13, 2015) .............. 7

*True Health Chiropractic Inc v. McKesson Corp.*,
    No. 13-CV-02219 HSG (DMR), 2015 WL 1502953 (N.D. Cal. Apr. 1, 2015) ............ 7

*Volkswagen Grp. of Am., Inc. v. Saul Chevrolet, Inc.*,
    No. 515-cv-00505-ODW (SPX), 2015 WL 5680317 (C.D. Cal. Sept. 25, 2015) ......... 6

*Wright v. eXp Realty, LLC*,
    No. 18-01851 (M.D. Fla. Feb. 7, 2020) ............................................................. 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## FEDERAL RULES AND STATUTES

Fed. R. Civ. P. 26(b)(1) ................................................................................................ 7

47 U.S.C. § 338 ............................................................................................................. 8

47 U.S.C. § 551(c)(1) .................................................................................................... 8

47 U.S.C. § 551(c)(2)(B) ........................................................................................... 8, 9

47 U.S.C. § 608 ............................................................................................................. 3

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - vi
CASE NO. 3:19-cv-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I.  INTRODUCTION

Comcast's motion to stay proceedings pending the Supreme Court's decision in *Barr v. American Ass'n of Political Consultants, Inc.*, 140 S. Ct. 812 (2020), should be denied. This is not one of the "rare circumstances" in which a stay is warranted. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The probability of the decision in *Barr* impacting this case is extremely remote. The Court granted certiorari to address the constitutionality of an exemption to the automated call ban of the Telephone Consumer Protection Act. That exemption has no application to Plaintiff's claims in this case. Instead, the exemption applies to autodialed calls made to collect a government debt. Even if the Supreme Court were to invalidate it, the Court would be unlikely to invalidate the entire TCPA given the presumption of severability. And Comcast has not shown that it will suffer hardship or inequity absent a stay, citing only the ongoing need to participate in discovery and case management conferences.

Comcast alternatively seeks a protective order that would preclude discovery of the names, telephone numbers, and addresses of persons who were the intended recipients of the calls Comcast made to Class members. The Court should not enter such an order. These contact details will be central to Plaintiff's motion for class certification. Plaintiff's expert will use this information to identify the phone numbers Comcast called that were not assigned to the intended recipient—these are "wrong number" calls that violate the TCPA. The names and numbers Plaintiff needs are not highly confidential and can be produced pursuant to a standard protective order. Comcast has not shown any undue burden in producing this data, and courts in TCPA cases routinely require its production. This Court should do the same.

## II.  BACKGROUND

On January 4, 2019, Plaintiff sued Comcast after receiving hundreds of unwanted calls on his cell phone from Comcast and two entities acting on its behalf. ¶¶ 1-2, 9-12, 19-25.[1] He alleges that Comcast and its agents used an automatic telephone dialing system (ATDS) or an

---

[1] References to "¶ ___" are to Plaintiff's Second Amended Class Action Complaint (Dkt. 46).

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - 1
CASE NO. 3:19-cv-05007-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

artificial or prerecorded voice to call his cell phone hundreds of times without his consent. ¶¶ 10-12, 19-25, 38-41. The calls were intended for a Comcast subscriber with whom Plaintiff has no relationship. ¶¶ 13-16, 27-31. Plaintiff filed this lawsuit on behalf of himself and others who received "wrong number" calls from Comcast or its agents without their consent. ¶ 45.

Plaintiff delivered Rule 34 Requests to Comcast on February 22, 2019. Murray Decl. ¶ 2. Comcast responded to Plaintiff's requests on February 10, 2020, refusing to produce anything in response to 15 of the 23 requests. *Id.* ¶ 3; Dkt. 56-4. When counsel conferred on March 4, Plaintiff agreed to narrow several requests but explained that his expert's analysis requires calling data responsive to RFPs 8-10 to identify the numbers Comcast called that were not assigned to the intended recipient. Murray Decl. ¶ 4. Plaintiff informed Comcast that his expert needs the following information to perform a wrong number analysis: (1) date and time of call; (2) number called; (3) number placing the call; (4) dialing equipment used; (5) vendor that placed the call; and (6) Comcast subscriber associated with the number called. Comcast refused to produce any of this information. *Id.* ¶ 6. Comcast suggests it offered to provide Plaintiff with the "categories of information contained in its call records," Motion at 8, but it has not done so and declined to produce a data dictionary that might allow Plaintiff to narrow his requests. *Id.* ¶ 5. The Court has ordered Plaintiff to move for class certification by May 29, 2020. Dkt. 53. To date in this litigation, Comcast has not produced any documents. *Id.* ¶ 8.

### III.  ARGUMENT

**A.      Comcast has not met its burden of establishing a compelling need for a stay.**

Courts do not enter stays lightly. "A stay is an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result'" to the party seeking a stay. *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citations omitted). As the proponent of the stay, Comcast "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Courts "balance the competing interests that a grant or refusal will affect." *Lennartson v. Papa Murphy's Holdings, Inc.*, No. C15-5307 RBL, 2016 WL 51747, at *5 (W.D. Wash. Jan. 5, 2016) (citing *CMAX, Inc.*

*v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Comcast has not met its burden.

       1.     <u>A stay will not simplify the issues or proof in this case.</u>

The question presented in *Barr* is the constitutionality of an exemption to the TCPA's automated call restrictions that allows persons collecting government-backed debts to do so using an automatic telephone dialing system, or ATDS. *See* Pet. for a Writ of Cert., *Barr v. AAPC, Inc.*, No. 19-631, 2019 WL 6115075, at *1 (Nov. 24, 2019). The exemption was created by the 2015 Bipartisan Budget Act. This case, however, involves "wrong number" calls made to collect Comcast equipment, not government debt collection calls. Even if the Supreme Court holds that exemption unconstitutional, that holding will not affect the issues in this case. *See* Order at 2, *Sutor v. Amerigroup Corp.*, No. 1:19-cv-1602-LMB-JFA (E.D. Va. Mar. 10, 2020), ECF No. 20 (denying motion to stay TCPA action pending decision in *Barr*, because "whether the government-debt exception to the TCPA is constitutional, is not applicable in this action").

Comcast does not contend that the government debt collection exception is relevant here in any way. Instead, Comcast speculates that the Supreme Court could strike down the entire automated call ban. But that outcome is highly unlikely.

First, the Supreme Court has long recognized that severance is preferable when a statutory provision is unconstitutional. *See Am. Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159, 171 (4th Cir. 2019) (citing *NFIB v. Sebelius*, 567 U.S. 519, 587 (2012)). Second, Congress specifically intended that any unconstitutional provision be severed from the TCPA. *Id.* (citing 47 U.S.C. § 608). Third, adhering to the presumption of severability "will not undermine the automated call ban" as the statute was "fully operative" without it for 24 years. *Id*. Thus, the appellate courts that have addressed this issue agree that the proper remedy upon invalidation of the exemption at issue would be to sever that provision while preserving the remainder of the federal statute. *See id.* ("direct[ing] the severance of the debt-collection exemption from the

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

balance of the automated call ban"); *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1156-57 (9th Cir. 2019) (same). District court cases are in accord. *See*, *e.g.*, *Geraci v. Red Robin Int'l, Inc.*, No. 1:19-cv-01826 (D. Colo. Feb. 28, 2020), ECF No. 70 at 15-18; *Rosenberg v. LoanDepot.com LLC*, No. 19-10661-NMG, 2020 WL 409634, at *7-8 (D. Mass. Jan. 24, 2020); *Hand v. ARB KC, LLC*, No. 4:19-cv-00108-NKL, 2019 WL 6497432, at *15-16 (W.D. Mo. Dec. 3, 2019); *Katz v. Liberty Power Corp., LLC*, No. 18-cv-10506-ADB, 2019 WL 6051442, at *4 (D. Mass. Nov. 15, 2019); *Smith v. Truman Rd. Dev.,* 414 F. Supp. 3d 1205, 1230-31 (W.D. Mo. 2019); *Perrong v. Liberty Power Corp.*, 411 F. Supp. 3d 258, 268-69 (D. Del. 2019); *Parker v. Portfolio Recovery Assocs., LLC*, No. 18-cv-02103-JVS, 2019 WL 4149436, at *2-3 (C.D. Cal. July 11, 2019).

The remote possibility of invalidation of the TCPA as a whole is insufficient to justify a stay. *See Dist. Hosp. Partners, L.P. v. Burwell*, No. 16-528 ESH, 2016 WL 3746466, at *1 (D.D.C. July 8, 2016) (declining to enter a stay where the proponent offered "nothing more than a possibility" of narrowing issues and conserving judicial resources). Indeed, "the only reason *Barr* would have any bearing on this case is if the Supreme Court both finds the government-debt exception unconstitutional, and decides, contrary to the two courts of appeals to consider the issue, that the appropriate remedy is the extreme measure of striking down the entire statute. Staying this action for months based on this possibility is inefficient and does not promote judicial economy." Order at 2, *Sutor v. Amerigroup Corp.,* No. 1:19-cv-1602-LMB-JFA (E.D. Va. Mar. 10, 2020), ECF No. 20.

Comcast cites cases in which courts granted stays with only cursory explanation. *See* Order at 2, *Wright v. eXp Realty, LLC*, No. 18-01851 (M.D. Fla. Feb. 7, 2020), ECF No. 99; Order at 1, *Strange v. Detroit Trading Services, LLC*, No. 18-13238 (E.D. Mich. Feb. 13, 2020), ECF No. 24; Minute Order, *Perrong v. Liberty Power Corp., L.L.C.*, No. 1:18-cv-00712 (D. Del.

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - 4
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Mar. 6, 2020).[2] Further, in *Seefeldt v. Entertainment Consulting International, LLC*, the court stayed the case in large part because a class certification motion was already pending and required the Court to "confront the issue of defining an autodialer at an early stage—soon if a stay is not entered—that may result in the denial of class certification." No. 4:19-cv-0018, 2020 WL 905844, at *3 (E.D. Mo. Feb. 25, 2020). But the definition of an ATDS is not before the Supreme Court, as the *Seefeldt* court recognized (*id.*), and Plaintiff in this case separately contends that Comcast violated the TCPA by making calls using an artificial or prerecorded voice. Thus, the pendency of *Barr* does not warrant delaying the progress of Plaintiff's claims.

       2.   <u>Comcast has not demonstrated hardship or inequity.</u>

       Nor has Comcast met its burden of demonstrating hardship or inequity absent a stay. While Comcast claims that proceeding with litigation would be inefficient and could potentially lead to inconsistent decisions, the Ninth Circuit has made clear that "case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway*, 498 F.3d at 1066. Comcast's claim that proceeding with Plaintiff's suit would waste the parties' resources is no more persuasive, since "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255); *see also Hiemstra v. Credit One Bank*, No. 2:16-cv-02437-JAM-EFB, 2017 WL 4124233, at *2 (E.D. Cal. Sept. 15, 2017) ("costly discovery" alone does not demonstrate a compelling need for imposing a stay); *Montez v. Chase Home Fin. LLC*, No. 11-cv-530 JLS, 2011 WL 2729445, at *1 (S.D. Cal. July 13, 2011) (stay not warranted in class action where defendant complained of the "significant burden and expense of engaging in potentially broad-ranging and expensive discovery").

       On the other hand, there is much more than a "fair possibility" that a stay would harm Plaintiff. *See Dependable Highway*, 498 F.3d at 1066. Plaintiffs in civil cases have "an interest in

---

[2] Because the issue presented in *Barr* is not relevant to this case, the cases Comcast cites in which courts entered stays "pending *relevant* Supreme Court guidance" do not support its stay request here. Mtn. at 5 n.2 (emphasis added).

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

having their case resolved quickly." *Volkswagen Grp. of Am., Inc. v. Saul Chevrolet, Inc.*, No. 515-cv-00505-ODW (SPX), 2015 WL 5680317, at \*4 (C.D. Cal. Sept. 25, 2015); *Ontiveros v. Zamora*, No. CIV. S-08-567 LKK, 2013 WL 1785891, at \*5 (E.D. Cal. Apr. 25, 2013) (recognizing that "unduly delaying a plaintiff's day in court constitutes a significant injury."). The memories of relevant nonparties may fade and their evidence may be discarded, prejudicing both Plaintiff and the absent class members, who may ultimately be called upon to submit proof to support their claims. *See Kesler v. IKEA U.S., Inc.*, No. SACV-07-00568-JVS-RNBX, 2008 WL 11339118, at \*1 (C.D. Cal. Jan. 2, 2008) (finding hardship because "employees and witnesses may disappear, memories may fade, and third party witnesses may dispose of documents that could prove critically important" (citation omitted)); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at \*4 (N.D. Cal. Jan. 8, 2016).

Delay also would result in more class member contact information being outdated. *See Garter v. County of San Diego*, No. 15-cv-1868-MMA (NLS), 2017 WL 1365693, at \*4 (S.D. Cal. Apr. 14, 2017); *McKinley v. Grill*, No. 17-2408-JPM-TMP, 2017 WL 7052145, at \*2 (W.D. Tenn. Aug. 11, 2017); *see also Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2017 WL 167678, at \*3 (N.D. Cal. Jan. 17, 2017) (holding that a stay would prejudice plaintiff as "the passage of time will make it more difficult to reach class members.")

Comcast cites the "brief anticipated duration of the stay," Mtn. at 5, but there is no guarantee of a ruling by the end of June, particularly now that the Supreme Court has postponed all oral arguments scheduled for the March session.[3] This uncertainty alone presents a likelihood of harm to Plaintiff. *See, e.g.*, *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101 (N.D. Cal. 2016) ("Because there is no certain way to determine when a ruling will be forthcoming . . . the Court concludes that there is a 'fair possibility of harm' to Plaintiff").

---

[3] *See* https://www.supremecourt.gov/publicinfo/press/pressreleases/pr_03-16-20.

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - 6
CASE NO. 3:19-cv-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**B.      Comcast's request for a protective order should be denied.**

Parties may obtain discovery regarding any matter "that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The party resisting discovery bears a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). A proponent of a protective order must show that specific prejudice or harm will result absent its entry. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Unsubstantiated allegations of harm do not suffice. *Id.* at 1130.

1.      The contact information of call recipients is relevant.

Comcast argues that Plaintiff has requested call data for the sole purpose of identifying class members and that this makes the information requested irrelevant to class certification. Comcast is wrong, both factually and legally. Courts routinely require pre-certification production of call data in TCPA actions, including names and addresses, because the information is relevant to the numerosity, typicality, and commonality inquiries. *See, e.g.*, *Beets v. Molina Healthcare, Inc.*, No. CV 16-5642-CAS (KSx), 2019 WL 2895630, at *5, *12 (C.D. Cal. Apr. 9, 2019) (granting motion to compel production of the identities of call recipients, including names, addresses, and phone numbers); *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-cv-0229-SB, 2017 WL 2346981, at *3 (E.D. Cal. May 30, 2017) (requiring production of the names, addresses, and telephone numbers of call recipients); *Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-CV-1540 BEN (NLS), 2015 WL 1138469, at *3 (S.D. Cal. Mar. 13, 2015) (noting that disclosure of names, addresses, and phone numbers is commonplace in class actions and ordering production of call data).

Identifying which Comcast calls went to unintended recipients ("Class Calls") necessitates access to the contact information for the intended recipient of the calls. Establishing that Plaintiff can identify Class Calls goes to numerosity, identification of common questions susceptible to classwide proof, and the predominance of common issues. *Cf. True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219 HSG (DMR), 2015 WL 1502953, at *3 (N.D. Cal. Apr. 1, 2015) (finding "identities [of fax recipients] and fax numbers" relevant to

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - 7
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

class certification in TCPA case). The cases cited by Comcast are not to the contrary. Only one even involves TCPA violations,[4] and nothing in that case addresses the relevance of names and addresses in the context of wrong number cases such as this one. *See Gold Grp. Enters., Inc. v. Bull*, No. 14-7410 (ES) (MAH), 2015 WL 3794719 (D.N.J. Jun. 16, 2015). None of Comcast's cases suggests that Plaintiff should be denied access to names and addresses when they squarely relate to the propriety of class certification.

Finally, Comcast suggests that, for purposes of class certification, Plaintiff's expert can simply "describe his or her methodology" without implementing it. But Comcast also admits that it will argue that no reliable methodology exists for determining wrong number calls. Comcast cannot have it both ways. Plaintiff will be prejudiced if Comcast is permitted to argue that Plaintiff cannot, in any circumstance, reliably identify wrong number calls while denying Plaintiff access to the information he needs to meet his burden under Rule 23.

2.    Comcast should produce call data and provide notice to its subscribers.

The Cable Communications Policy Act ("CCPA") prohibits disclosure of "personally identifiable information concerning any subscriber without the [subscriber's] prior written or electronic consent" unless, *inter alia*, the disclosure is "made pursuant to a court order authorizing such disclosure, [and] the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(1) & (2)(B). Given the critical importance of contact information to this case, an order requiring its production under the CCPA is warranted.

Courts have required production from both cable operators governed by the CCPA and satellite providers governed by the materially identical disclosure provisions of the Satellite Television Extension and Localism Act ("STELA"), 47 U.S.C. § 338. *See Leeb v. Charter*

---

[4] *See In re Williams-Sonoma, Inc.*, 947 F.3d 535 (9th Cir. 2020) (thread count misrepresentations); *Hankinson v. R.T.G. Furniture Corp.*, No. 15-81139-CIV, 2016 WL 1182768 (S.D. Fla. Mar. 28, 2016) (protection plan misrepresentations); *Mandrigues v. World Sav. Inc.*, No. C 07-4497, 2008 WL 11388759 (N.D. Cal. Jun. 20, 2008) (failure to disclose material facts about loans); *Robbins v. NCO Fin. Sys. Inc.*, No. 2:06 cv 116, 2006 WL 3833352 (N.D. Ind. Dec. 12, 2006) (Fair Debt Collection Practices Act violations).

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER - 8
CASE NO. 3:19-CV-05007-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Commc'ns*, No. 4:17-cv-2780 RLW, 2019 WL 144132, at *3-4 (E.D. Mo. Jan. 9, 2019) (CCPA); *Silwa v. Bright House Networks, LLC*, No. 2:16-cv-235-FtM-29MRM, 2018 WL 1183350, at *7 (M.D. Fla. Feb. 14, 2018) (CCPA); *Medina v. Enhanced Recovery Co., LLC*, No. 15-14342-CIV, 2017 WL 5195903, at *5 (S.D. Fla. Nov. 9, 2017) (STELA); *Cordoba v. DIRECTV, LLC*, No. 1:15-CV-03755, Dkt. 96 at 20-21 (N.D. Ga. July 12, 2017) (STELA).

Names, addresses, and telephone numbers are "not particularly sensitive" information and can be produced under a protective order. *Artis v. Deere & Co.*, 276 F.R.D. 348, 353 (N.D. Cal. 2011); *Khalilpour v. CELLCO P'ship*, No. C 09-02712 CW (MEJ), 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010) (noting that "disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal secrets, intimate activities, or similar private information"). Plaintiff has offered to stipulate to a protective order based on this Court's Model Order, which would protect the class members' names, addresses, and phone numbers from being disclosed. Murray Decl. ¶ 7.

Comcast contends that, under the CCPA, subscribers must be given an opportunity to object to a court order requiring disclosure of their information. To the contrary, all that is required is that the subscribers be notified. 47 U.S.C. § 551(c)(2)(B); *see Cordoba*, No. 1:15-CV-03755, Dkt. 100 (Aug. 3, 2017); *Pacific Bus. Cap. Corp. v. Time Warner Cable, Inc.*, No. CV 09-5188-RSWL (PJWx), 2011 WL 13213545, at *2 n.1 (C.D. Cal. Sept. 23, 2011).

Section 551(c)(2)(C), by contrast, provides that a cable operator may disclose "the names and addresses of subscribers to any cable service" absent a court order if, among other things, "the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure." Congress did *not* include this language in Section 551(c)(2)(B). Courts should "refrain from reading a phrase into [a] statute when Congress has left it out." *Keene Corp v. U.S.*¸ 508 U.S. 200, 208 (1993). And where "Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely . . . ." *Id*. (alteration and citation omitted).

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - 9
CASE NO. 3:19-cv-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    The two cases Comcast cites are inapposite. In *Comcast Cable Communications, LLC v.*

2  *Hourani*, the court declined to enforce a disclosure order primarily because the information was

3  irrelevant to the defamation case. 190 F. Supp. 3d 29, 35 (D.D.C. 2016). In *Elf-Man, LLC v.*

4  *Does*, the court permitted the plaintiff to serve subpoenas to identify Doe defendants, requiring

5  any cable operator served with a subpoena to provide notice to affected subscribers so that they

6  could move to quash. No. 13-CV-0115-TOR, 2013 WL 12170603, at *1-*2 (E.D. Wash. Apr.

7  15, 2013). Nothing in *Elf-Man* suggests that an opportunity to object would be required here, and

8  *none* of the TCPA cases cited above conditions the production of call data on an objection

9  opportunity for subscribers. Rather, in *Cordoba*, for example, the Court ordered DIRECTV to

10  provide notice to affected subscribers and to produce the subscriber information to the plaintiff

11  within ten days of mailing the notice. *Cordoba*, Dkt. 96 at 20-21; *id.* at Dkt. 100.[5]

12    As in *Cordoba*, the contact information of Comcast's call recipients is relevant to class

13  certification. Comcast should be ordered to produce it after notifying its affected subscribers.

14    3.    Comcast has not established undue burden.

15    Finally, a party opposing discovery as burdensome must provide "sufficient detail and

16  explanation about the nature of the burden in terms of time, money, and procedure required to

17  produce the requested documents." *Phase II Chin, LLC v. Forum Shops, LLC*, No. 2:08-cv-

18  00162-JCM-GWF, 2010 WL 11636215, at *3 (D. Nev. Feb. 5, 2010). Comcast points out that it

19  called more than ten million people for collection purposes. Dkt. 56-5, ¶ 3. But Comcast has

20  introduced no evidence about the purported burden of gathering these records and providing

21  notice. Its generalized claim of burden is wholly inadequate. *City of Seattle v. Prof'l Basketball*

22  *Club, LLC*, No. C07-1620MJP, 2008 WL 539809, at *3 (W.D. Wash. Feb. 25, 2008) ("A claim

23

24  _____
   [5] *Cordoba* demonstrates that if the Court orders disclosure and notice to subscribers, Comcast's
   concern about potential liability for disclosing subscriber PII is unfounded. The STELA claim in

25  *Cordoba* arose from disclosure of subscriber names and numbers to DIRECTV's expert without
   the notice required by Section 551(c)(2)(B). The claim did *not* arise from the information

26  DIRECTV produced to the plaintiff after notifying subscribers in accordance with the court's
   order. *Cordoba*, Dkt. No. 142. The relevant *Cordoba* orders are attached to the Murray

27  Declaration as Exhibits 1–3.

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - 10
CASE NO. 3:19-CV-05007-RBL

1  that answering discovery will require the objecting party to expend considerable time and effort

2  to obtain the requested information is an insufficient factual basis for sustaining an objection.");

3  *E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (mere showing that

4  production "may involve some inconvenience or expense does not establish good cause under

5  Rule 26(c)").

6      Given the importance of the requested call data to Plaintiff's class claims, and Comcast's

7  undisputed ability to produce this information in electronic format, the requests readily meet the

8  proportionality standard. *See Mbazomo*, 2017 WL 2346981, at *6 ("Though producing an

9  estimated three million numbers may be burdensome, the Court concludes that the ability to

10 produce the requested information in csv data files renders the request a proportional one."). In

11 response to Plaintiff's requests, Comcast has refused to produce any documents at all. Given the

12 prejudice to Plaintiff from being denied access to the call data, Comcast should be ordered to

13 produce it as soon as practicable.

14                    **IV.  CONCLUSION**

15     For the foregoing reasons, Plaintiff respectfully requests that the Court deny Comcast's

16 Motion for a Stay or, in the Alternative, for a Protective Order.

17

18     RESPECTFULLY SUBMITTED AND DATED this 23rd day of March, 2020.

19              TERRELL MARSHALL LAW GROUP PLLC

20         By:  /s/ Jennifer Rust Murray, WSBA #36983
21            Beth E. Terrell, WSBA #26759
               Email: bterrell@terrellmarshall.com
22            Jennifer Rust Murray, WSBA #36983
               Email: jmurray@terrellmarshall.com
23            Adrienne D. McEntee, WSBA #34061
               Email: amcentee@terrellmarshall.com
24            936 North 34th Street, Suite 300
               Seattle, Washington 98103-8869
25            Telephone: (206) 816-6603
               Facsimile: (206) 319-5450
26

27

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - 11
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Daniel C. Girard, *Admitted Pro Hac Vice*
Email: dgirard@girardsharp.com
Simon S. Grille, *Admitted Pro Hac Vice*
Email: sgrille@girardsharp.com
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Counsel for Plaintiff and the Proposed Class*

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - 12
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

CERTIFICATE OF SERVICE

2    I, Jennifer Rust Murray, hereby certify that on March 23, 2020, I electronically filed the

3    foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4    such filing to the following:

5
        James C. Grant, WSBA #14358
6       Email: jamesgrant@dwt.com
        DAVIS WRIGHT TREMAINE LLP
7       920 Fifth Avenue, Suite 3300
        Seattle, Washington 98104
8       Telephone: (206) 622-3150
        Facsimile: (206) 757-7700
9

10      Marshall L. Baker, *Admitted Pro Hac Vice*
        Email: mbaker@akingump.com
11      AKIN GUMP STRAUSS HAUER & FELD LLP
        1999 Avenue of the Stars, Suite 600
12      Los Angeles, California 90067
        Telephone: (310) 229-1000
13      Facsimile: (310) 229-1001

14
        Michael W. McTigue, Jr., *Admitted Pro Hac Vice*
15      Email:  mmctigue@akingump.com
        Meredith C. Slawe, *Admitted Pro Hac Vice*
16      Email: mslawe@akingump.com
        AKIN GUMP STRAUSS HAUER & FELD LLP
17      Two Commerce Square, Suite 4100
        2001 Market Street
18      Philadelphia, Pennsylvania 19103
        Telephone: (215) 965-1200
19      Facsimile: (215) 965-1210

20
        *Attorneys for Defendant Comcast Cable Communications, LLC*
21

22    DATED this 23rd day of March, 2020.

23                                        TERRELL MARSHALL LAW GROUP PLLC

24                                        By: /s/ Jennifer Rust Murray, WSBA #36983
                                             Jennifer Rust Murray, WSBA #36983
25                                           Email: jmurray@terrellmarshall.com
                                             936 North 34th Street, Suite 300
26                                           Seattle, Washington 98103
                                             Telephone: (206) 816-6603
27

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - 13
CASE NO. 3:19-cv-05007-RBL

1

Facsimile: (206) 319-5450

2

*Attorneys for Plaintiff and the Proposed Class*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S RESPONSE TO DEFENDANT COMCAST CABLE
COMMUNICATIONS, LLC'S MOTION FOR A STAY OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER - 14
CASE NO. 3:19-CV-05007-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com