HONORABLE RONALD B. LEIGHTON



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOUGLAS LACY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>Defendant. | CASE NO. 3:19-cv-05007-RBL<br><br>ORDER<br><br>DKT. # 48 |

THIS MATTER is before the Court on Defendant Comcast Cable Communications, LLC's Motion to Dismiss Claims of Nonresident Putative Class Members or, in the Alternative, to Transfer Venue. Dkt. # 48. In this Telephone Consumer Protection Act class action, Plaintiff Douglas Lacy alleges that, "[s]ince January 2018, Comcast and its agents, have called Plaintiff's cellular phone at least 147 times and left at least 56 voicemails." Second Amended Complaint, Dkt. # 46, at 2. Lacy also seeks to represent the following class of individuals: "Each person within the United States who (1) received a nonemergency call to his or her cellular telephone; (2) from Comcast and/or its agents on behalf of Comcast; (3) through the use of an ATDS and/or an artificial or prerecorded voice; and (4) which call was directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of the calls." *Id.* at 6-7.

Comcast moves to dismiss on the theory that, under *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017), the Court lacks personal jurisdiction over out-of-state putative class members (Comcast would also settle for mandatory transfer on this basis). Alternatively, Comcast moves to transfer this action to the Eastern District of Pennsylvania for the convenience of the parties and in the interest of justice. The Court will address each position in turn.

Comcast's first argument turns on whether *Bristol-Myers*, which held that nonresident plaintiffs in a mass torts action had to satisfy traditional personal jurisdiction requirements, also applies to class actions.[1] 137 S. Ct. at 1781. "Before the Supreme Court's decision in *Bristol-Myers*, there was a general consensus that due process principles did not prohibit a plaintiff from seeking to represent a nationwide class in federal court, even if the federal court did not have general jurisdiction over the defendant." *Mussat v. IQVIA, Inc.*, No. 19-1204, 2020 WL 1161166, at *2 (7th Cir. Mar. 11, 2020). "For cases relying on specific jurisdiction over the defendant, minimum contacts, purposeful availment, and relation to the claim were assessed only with respect to the named plaintiffs." *Id.*

Since *Bristol-Meyers*, some courts have held that the Supreme Court's reasoning ought to apply equally to class actions. *See, e.g., Leppert v. Champion Petfoods USA Inc.*, No. 18-4347, 2019 WL 216616, at *3 (N.D. Ill. Jan. 16, 2019); *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 864 (N.D. Ill. Mar. 12, 2018); *Roy v. FedEx Ground Package System, Inc.*, 353 F. Supp. 3d 43, 56 (D. Mass. 2018); *Muir v. Nature's Bounty (DE), Inc.*, 2018 WL 3647115, at *4–5 (N.D. Ill. Aug. 1, 2018).

---

[1] Comcast does not contest that the Court has specific jurisdiction over Lacy, the one named plaintiff. It is also undisputed that the Court lacks general jurisdiction over Comcast, a Delaware company with its headquarters in Philadelphia, Pennsylvania. SAC, Dkt. # 46, at 2.

However, there are more cases holding the opposite. *See, e.g., Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 854 (N.D. Cal. 2018); *Lyngaas v. Curaden AG*, No. 17-CV-10910, 2019 WL 2231217, at *18 (E.D. Mich. May 23, 2019); *Krumm v. Kittrich Corp.*, No. 4:19 CV 182 CDP, 2019 WL 6876059, at *5 (E.D. Mo. Dec. 17, 2019); *Morgan v. U.S. Xpress, Inc.*, No. 3:17-CV-00085, 2018 WL 3580775, at *6 (W.D. Va. July 25, 2018); *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 815, 819 (N.D. Ill. 2018). Many have pointed out that the Supreme Court would have spoken more directly had it intended *Meyers-Briggs* to drastically impact nationwide class actions by limiting them to the few states where defendants are subject to general jurisdiction.

The Ninth Circuit has not yet addressed this issue, but other circuit courts have either rejected the extension of *Bristol-Meyers*, *see Mussat*, 2020 WL 1161166, at *3-4, or held that it is at least premature to seek dismissal of nonresident putative class members before certification, *see Molock v. Whole Foods Mkt. Grp., Inc.*, No. 18-7162, 2020 WL 1146733, at *3 (D.C. Cir. Mar. 10, 2020). The Seventh Circuit's recent holding is especially noteworthy because most district courts that have applied *Bristol-Meyers* to class actions have been from the Northern District of Illinois.

One district court in this circuit neatly summarized the main reasons for distinguishing mass tort cases like the one in *Bristol-Meyers* from class actions:

> First, a plaintiff in a mass tort action is named as a plaintiff, making each "a real party in interest." In contrast, only the proposed class representative is actually named on the complaint in a class action. Accordingly, while the claims of nonresident plaintiffs were pertinent to the issue of specific jurisdiction in *Bristol-Myers*, the claims of unnamed class members are not implicated in the question of specific jurisdiction in a class action. . . . Second, Federal Rule of Civil Procedure 23 imposes additional due process safeguards on class actions that do not exist in the mass tort context. *See* Fed. R. Civ. P. 23 (requiring that there are common questions of law or fact, that the class representative's claims are typical to the class's claims, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy). Mass tort actions, like the one in *Bristol-Myers*, do not—and generally cannot—meet the requirements of

DKT. # 48 - 3

> Rule 23, because there are typically significant variations in the plaintiffs' claims. At its core, "[p]ersonal jurisdiction is rooted in fairness to the defendant, and Rule 23 provides significant safeguards to that end." *Allen v. ConAgra Foods, Inc.*, 2018 WL 6460451, at *7 (N.D. Cal. Dec. 10, 2018).

*Sotomayor v. Bank of Am., N.A.*, 377 F. Supp. 3d 1034, 1038 (C.D. Cal. 2019). The reasoning from *Sotomayor* and similar cases is sound. This Court will not upend the traditional approach to personal jurisdiction in class actions absent an express ruling from the Supreme Court. Comcast's Motion to Dismiss is DENIED.

This leaves Comcast's motion to transfer venue to the Eastern District of Pennsylvania. 28 U.S.C. § 1404(a) permits a court to transfer an action to "any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice." In addition to assessing jurisdictional prerequisites, courts analyzing transfer under § 1404(a) consider: "(1) the location where relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling witnesses, and (8) the ease of access to sources of proof. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). As the party seeking transfer, Comcast bears the burden of persuasion. *In re Ferrero Litig.*, 768 F. Supp. 1074, 1078 (S.D. Cal. 2011) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

Comcast argues that transfer is warranted because Lacy's choice of forum for a putative class action where class members will hail from all over the country deserves little deference. *See Smalls v. TrueBlue, Inc.*, No. 15-CV-5126 RBL, 2015 WL 3936364, at *3 (W.D. Wash. June 26, 2015). Further, Comcast points out that the Eastern District of Pennsylvania is more

convenient for the company and will provide better access to witnesses and evidence. However, Lacy responds that his choice of forum should be given substantial deference because he "resides in this district, the calls Comcast directed to Plaintiff's cell phone were received in this district, there is no evidence of forum shopping, and Comcast has significant contacts within this district, servicing approximately 130,000 subscribers in Seattle alone." Opposition, Dkt. # 50, at 11. Lacy also asserts that Comcast's concerns about witnesses and evidence are speculative and, in any case, minimal in light of Lacy's intent to depose witnesses where they reside.

      The Court agrees with Lacy. There are no significant factors here favoring judicial interference with Lacy's chosen forum. Comcast is a massive company with significant resources and ties to this forum. If the Court were to grant Comcast's request, there is little reason why the same reasoning would not apply to every class action against a foreign company. But it cannot be the case that every plaintiff litigating a class action has to file suit in whatever venue the defendant deems most convenient. Indeed, it is hard to imagine a defendant more sophisticated than Comcast or with a greater ability to litigate in a foreign venue. In short, by choosing to conduct substantial business in Washington State, Comcast exposed itself to litigation in this venue. Comcast's Motion to Dismiss or, in the Alternative, to Transfer Venue is DENIED.

      IT IS SO ORDERED.

Dated this 26 day of March, 2020.

Ronald B. Leighton
United States District Judge

DKT. # 48 - 5