HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOUGLAS LACY, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>　　　　　　Defendant. | CASE NO. 3:19-cv-05007-RBL<br><br>ORDER ON DEFENDANT'S MOTION TO CONTINUE STAY |

THIS MATTER is before the Court on Defendant Comcast Cable Communications, LLC's Motion to Continue Stay. Dkt. # 78. On April 28, 2020, the Court stayed this case pending the outcome of *Barr v. Am. Ass'n of Political Consultants, Inc*, a case with a potentially dispositive impact on Plaintiff Douglas Lacy's TCPA claims. But while the Supreme Court invalidated the debt-collection exception, it severed the provision rather than striking down the TCPA's entire robocall restriction. 140 S. Ct. 2335 (2020). In theory, therefore, the stay of this case should be lifted.

However, Comcast now asks the Court to continue the stay in this case pending the outcome of *Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252 (U.S. July 9, 2020), which

will resolve a circuit split concerning the definition of an "automatic telephone dialing system" (ATDS). The issue before the Court is as follows:

> The problem comes down to a proper interpretation of Section 227(a)(1)(A), which states that autodialer "equipment" must have the "capacity" to "store or produce telephone numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1)(A) (emphasis added). The latter phrase is what has caused so much confusion. Does the phrase "using a random or sequential number generator" modify the verb "store" or "produce," or both? The Third, Seventh, and Eleventh Circuits have all concluded that it is both; an autodialer must be capable of either storing telephone numbers using a random or sequential number generator or produce such numbers using a random or sequential number generator. *See Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 460 (7th Cir. Feb. 19, 2020); *Glasser v. Hilton Grand Vacations Co., LLC.*, 948 F.3d 1301, 1306 (11th Cir. 2020); *Dominguez ex rel. Himself v. Yahoo, Inc.*, 894 F.3d 116, 119 (3d Cir. 2018). . . . Conversely, the Ninth Circuit has concluded the phrase affects only the word produce, not store, such that an autodialer can either be equipment with the capacity to store numbers, or with the capacity to produce numbers to be called using a random or sequential number generator. *Marks v. Crunch San Diego, LLC.*, 904 F.3d 1041, 1049 (9th Cir. 2018). Apparently, as recognized by the Seventh Circuit, there are at least two other options floated around by the district courts suggesting the definition "captures only equipment that dials randomly or sequentially generated numbers" or otherwise "describe[s] the manner in which the telephone numbers are to be called, regardless of how they are stored, produced, or generated." *Gadelhak*, 950 F.3d 458, 464 (emphasis added).

*Seefeldt v. Entm't Consulting Int'l, LLC.*, 441 F. Supp. 3d 775, 777 (E.D. Mo. 2020).

Comcast argues that a stay is appropriate because the Court's decision in *Duguid* could be dispositive for Lacy's ATDS-related claims and continuing the case without the Supreme Court's guidance would be wasteful.

Plaintiff Douglas Lacy opposes the stay, pointing out that his class definition encompasses calls made using an "ATDS and/*or* an artificial or prerecorded voice." Second Amended Complaint, Dkt. # 46, at 7 (emphasis added). Lacy also contends that it is unclear what type of ATDS Comcast potentially used so *Duguid*'s impact may be limited or nonexistent. Finally, Lacy points out that this stay could last a lot longer than the prior one pending *Barr*, since the Supreme Court has not even issued a scheduling order in *Duguid* yet.

1    Although it is a somewhat close question, the Court agrees with Lacy that the stay should
2    be lifted. First, the Supreme Court has not even scheduled oral argument in *Duguid*, so a stay
3    could be lengthy. This case has already been stayed twice; the Court reluctant to further delay
4    adjudication of Lacy's claims for an indeterminate amount of time.

5    Second, Lacy convincingly argues that, regardless of *Duguid*'s outcome, discovery will
6    need to take place in this case regarding (1) the existence and exact nature of any ATDS used to
7    contact Lacy, (2) whether Comcast called Lacy and other potential class members using a pre-
8    recorded voice, and (3) whether such calls were directed to cell phone numbers other than that of
9    the intended recipients. *See* Complaint, Dkt. # 46, at 6-7. Comcast makes no showing that these
10   issues have been addressed through the discovery that has already taken place. Indeed, before
11   this case was stayed, the parties had filed motions disputing Comcast's obligations to respond to
12   Lacy's discovery. Until the Supreme Court decides *Duguid*, Comcast should be spared from
13   ATDS-related discovery that may prove superfluous and dispositive motions on certification or
14   liability should be delayed. However, this appears achievable and is more desirable than staying
15   the case in its entirety. The Motion is therefore DENIED and the stay is LIFTED.

16   IT IS SO ORDERED.

17   Dated this 13th day of August, 2020.

Ronald B. Leighton
United States District Judge