THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS LACY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>Defendant. | Case No. 3:19-cv-05007-RSM<br><br>**FURTHER JOINT STATUS REPORT AND CASE MANAGEMENT ORDER** |

JOINT STATUS REPORT --

**JOINT STATUS REPORT**

Pursuant to LCR 16 and this Court's Order (Dkt. No. 85), Defendant Comcast Cable Communications, LLC ("Comcast") and Plaintiff Douglas Lacy ("Plaintiff"), by and through their respective counsel of record, respectfully submit this further joint status report and case management plan.

I.  **Background and Statement of the Case**

Plaintiff Douglas Lacy ("Plaintiff") asserts claims against Comcast under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), for himself and on behalf of a putative class defined as "[e]ach person within the United States who (1) received a non-emergency call to his or her cellular telephone; (2) from Comcast and/or its agents on behalf of Comcast; (3) through the use of an automatic telephone dialing system ('ATDS') and/or an artificial or prerecorded voice; and (4) which call was directed to a number assigned to a cellular telephone service but not assigned to the intended recipient of the calls." Plf.'s Second Amended Complaint ("SAC") (Dkt. No. 46) ¶ 45. Stated differently, the proposed class includes people who received "wrong number" calls, where the person Comcast was intending to call was not the person to whom the phone number was then assigned.

Plaintiff filed this proposed class action on January 4, 2019. (Dkt. No. 1). Comcast moved to compel arbitration. Plaintiff disputed that his claims fell within the scope of any purported arbitration agreement, but agreed that an arbitrator could determine the threshold "scope" question. (Dkt. No. 4). The arbitrator ruled that Plaintiff's claims were outside the scope of the arbitration agreement. (Dkt. No. 40 at Ex. 1). Comcast then moved to dismiss and transfer this case to Pennsylvania. (Dkt. No. 48). On March 26th, the Court denied Comcast's motion to dismiss. (Dkt. No. 59).

Comcast filed its Answer and affirmative defenses to the SAC on April 9, 2020. *See* Comcast's Answer (Dkt. No. 61); Order Lifting Stay and Confirming Arbitration Award (Dkt. No. 47). Through its Answer, Comcast, among other things, "denies all liability, denies that Plaintiff or the putative class suffered any actionable harm for which Comcast is liable, denies that certification of this action is appropriate under Rule 23 of the Federal Rules of Civil Procedure, and denies that Plaintiff or the putative class are entitled to any relief whatsoever." Answer ¶ 45.

JOINT STATUS REPORT – 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Comcast asserts that the Plaintiff's receipt of "wrong number" calls was the result of human error when the number was input to its systems, so that Plaintiff cannot represent a purported class that would be dominated by holders of so-called "reassigned numbers"—numbers previously held by a Comcast customer who forfeited the number such that it was reassigned to a new user who did not consent to receive calls from Comcast. Plaintiff responds that Comcast has produced no evidence to support its claim that the calls to the Plaintiff were the result of a clerical input error and has also argued that the cause of a wrong number call is irrelevant to liability under the TCPA and class certification.

In March and April 2020, the parties filed cross-motions concerning discovery and case management. Specifically, on March 12, 2020, Comcast moved for a stay of the action pending the Supreme Court's decision in *Barr v. American Association of Political Consultants, Inc.*, No. 19-631, cert. granted (U.S. Jan. 10, 2020) ("*Barr*"), a case in which the constitutionality of the TCPA was challenged. In the alternative, Comcast sought a protective order preventing disclosure of, among other things, personally identifiable information ("PII") of all of its current and former subscribers—including call data with names, addresses, and telephone numbers—pursuant to the federal Cable Communications Policy Act of 1984, 47 U.S.C. § 551 *et seq.* (the "Cable Act"). *See* Comcast's Motion for a Stay or, in the Alternative, for a Protective Order (Dkt. No. 56) (seeking protective order from disclosing call records including current or former subscriber PII on the grounds that such information is protected by federal law from disclosure). Particularly given Comcast's privacy concerns, Comcast argued that wholesale production of call data is unnecessary and not proportional given Plaintiff's unique experience.

Plaintiff opposed Comcast's motion to stay and for a protective order and filed an affirmative motion to compel discovery of all of Comcast's call data over a four-year period. *See* Plf.'s Opp'n to Comcast's Motion to Stay (Dkt. No. 57); Plf.'s Motion to Compel (Dkt. No. 62) (seeking Comcast's production of its call data, including, the "(1) date and time of the call; (2) telephone number called; (3) telephone number placing the call; (4) dialing equipment used to place the call; (5) entity that placed the call; and (6) name and contact information for the intended recipient (i.e. the Comcast subscriber associated with the telephone number called).").

JOINT STATUS REPORT – 2

On April 28, 2020, the Court (Leighton, J.) stayed this action pending the Supreme Court's decision in *Barr*. *See* Order (Dkt. No. 70). The Supreme Court issued its decision in *Barr* on July 6, 2020, striking down a part of the TCPA but finding the unconstitutional component severable and upholding the remainder of the statute. In response, Comcast's counsel[1] and Plaintiff's counsel resumed meet-and-confer discussions on discovery, case management and scheduling.

On July 9, 2020, just two days after the *Barr* decision, the Supreme Court granted certiorari in *Facebook Inc. v. Duguid*, No. 19-511, cert. granted (U.S. July 9, 2020) ("*Duguid*"). Comcast then moved to continue the stay pending the Supreme Court's decision in *Duguid* and the Court (Leighton, J.) denied the motion by order dated August 13, 2020. *See* Stay Order, Dkt. No. 82 (August 13, 2020). In its Order lifting the stay, the Court held:

> Second, Lacy convincingly argues that, regardless of *Duguid*'s outcome, discovery will need to take place in this case regarding (1) the existence and exact nature of any ATDS used to contact Lacy, (2) whether Comcast called Lacy and other potential class members using a pre-recorded voice, and (3) whether such calls were directed to cell phone numbers other than that of the intended recipients.

*Id.* at 3:5-9 (citing Plf.'s Compl.). In addition, the Court explained:

> Comcast makes no showing that these issues have been addressed through the discovery that has already taken place. Indeed, before this case was stayed, the parties had filed motions disputing Comcast's obligations to respond to Lacy's discovery. Until the Supreme Court decides *Duguid*, Comcast should be spared from ATDS-related discovery that may prove superfluous and dispositive motions on certification or liability should be delayed. However, this appears achievable and is more desirable than staying the case in its entirety. The Motion is therefore DENIED and the stay is LIFTED.

*Id.* at 3:9-15.

---

[1] In late May 2020, certain of Comcast's counsel, including counsel submitting the meet-and-confer declaration on the pending motion for protective order, withdrew from this matter (Dkt. Nos. 74, 75, 76) due to a change in law firms, and the Court (Leighton, J.) on June 8, 2020 granted *pro hac vice* admission to incoming counsel (Dkt. No. 77). Comcast has at all times been represented by the same law firms in this matter.

JOINT STATUS REPORT – 3

The parties thereafter continued to meet and confer in light of the Court's Order, and requested time to submit to the Court a further joint status report with a joint or competing proposals for a revised case schedule. *See* Joint Status Report (Dkt. No. 84).[2]

## II.     Proposed Case Management Plan

Consistent with the Court's Stay Order, the parties propose that discovery proceed first as it relates to calls made with a prerecorded voice, with any further ATDS-related discovery, if necessary, following the Supreme Court's decision in *Duguid*. The parties propose the following case deadlines:

| EVENT | DEADLINE / DATE[3] |
| --- | --- |
| Deadline to complete fact discovery relating to: (1) Plaintiff, (2) prerecorded voice calls, (3) prerecorded call scripts, and (4) the technology used to place all calls at issue in this case. | January 31, 2021 |
| Deadline to complete fact discovery relating to ATDS-related calls | Later of 90 days after the Supreme Court's decision in *Duguid* or July 30, 2021 |
| Deadline for Plaintiff to file motion for class certification with expert reports | 90 days after the deadline to complete fact discovery relating to ATDS-related calls[4] |
| Deadline for Comcast to file opposition to motion for class certification with expert reports. | 60 days after Plaintiff's deadline to file motion for class certification with expert reports |
| Deadline for Plaintiff to file reply in support of class certification with rebuttal expert reports. | 60 days after Comcast's deadline to file opposition to motion for class certification with expert reports |
| Hearing on class certification | To be set by the Court |

---

[2] As set forth in the parties' prior submission, the dates set forth in this Court's prior Minute Order Setting Pre-Certification Deadlines (Dkt. No. 53) are moot.

[3] As relates to the deadlines set forth herein, "days" are calculated pursuant to Federal Rule of Civil Procedure 6.

[4] Plaintiff may also move for class certification prior to the Supreme Court's decision in *Duguid* but no earlier than March 12, 2021. Comcast reserves the right to oppose the timing and propriety of such a motion in light of the Court's Order lifting the stay.

JOINT STATUS REPORT – 4

| | |
|---|---|
| Trial and pretrial deadlines | To be scheduled once Plaintiff's motion for class certification is determined |

The parties are continuing to work in good faith to resolve any disagreements concerning discovery. The parties expressly reserve all arguments raised in their prior discovery motions, and will advise the Court as to any need for a decision on any of the issues raised in those prior motions, in which case the parties anticipate a need to refresh the briefing. To further facilitate such discovery, Comcast is working with Plaintiff on proposals to handle the treatment of PII and any disclosure in discovery of such information as specified in 47 U.S.C. § 551.

Dated:  October 16, 2020

By:   /s/ Jennifer Rust Murray
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450


Daniel C. Girard, *Admitted Pro Hac Vice*
Email: dgirard@girardsharp.com
Simon S. Grille, *Admitted Pro Hac Vice*
Email: sgrille@girardsharp.com
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Counsel for Plaintiff and the Proposed Class

Respectfully submitted,

/s/ James C. Grant
James C. Grant, WSBA #14358
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Ste. 3300
Seattle, WA 98104-1610
Tel:     206-622-3150
Fax:    206-757-7700
Email: jamesgrant@dwt.com

/s/ Seamus C. Duffy
Seamus C. Duffy (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA  19103
Tel.:    (215) 965-1200
Fax:    (215) 965-1210
Email: sduffy@akingump.com

Marshall L. Baker (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1999 Avenue of the Stars, Suite 600
Los Angeles, CA  90067
Tel.:    (310) 229-1074
Fax:    (310) 229-1001
Email: mbaker@akingump.com

Attorneys for Defendant
Comcast Cable Communications, LLC

JOINT STATUS REPORT – 5

**ORDER**

Pursuant to the case schedule submitted in the parties' Joint Status Report, the Court sets the following pre-certification deadlines:

| EVENT | DEADLINE / DATE[5] |
|---|---|
| Deadline to complete fact discovery relating to: (1) Plaintiff, (2) prerecorded voice calls, (3) prerecorded call scripts, and (4) the technology used to place all calls at issue in this case. | January 31, 2021 |
| Deadline to complete fact discovery relating to ATDS-related calls | Later of 90 days after the Supreme Court's decision in *Duguid* or July 30, 2021 |
| Deadline for Plaintiff to file motion for class certification with expert reports | 60 days after the deadline to complete fact discovery relating to ATDS-related calls[6] |
| Deadline for Comcast to file opposition to motion for class certification with expert reports. | 60 days after Plaintiff's deadline to file motion for class certification with expert reports |
| Deadline for Plaintiff to file reply in support of class certification with rebuttal expert reports. | 60 days after Comcast's deadline to file opposition to motion for class certification with expert reports |
| Hearing on class certification | To be set by the Court |
| Trial and pretrial deadlines | To be scheduled once Plaintiff's motion for class certification is determined |

**IT IS SO ORDERED**.

Dated: October 19, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] As relates to the deadlines set forth herein, "days" are calculated pursuant to Federal Rule of Civil Procedure 6.

[6] Plaintiff may also move for class certification prior to the Supreme Court's decision in *Duguid* but no earlier than March 12, 2021. Comcast reserves the right to oppose the timing and propriety of such a motion in light of the Court's Order lifting the stay.

JOINT STATUS REPORT – 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax